**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq.  SBN 189751
msaltz@jrsnd.com
Simone E. Poyourow, Esq. SBN 346420
spoyourow@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, CA  90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909

Attorneys for Plaintiff
Susan Oster d/b/a Feral Jewelry

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Susan Oster d/b/a Feral Jewelry, an individual,<br><br>       Plaintiff,<br><br>    v.<br><br>Rainbow K Jewelry SAS, a French joint-stock company; mytheresa.com GmbH, a German entity; Schoola, Inc. d/b/a Olivela.com, a Delaware corporation; SoPicks, an Italian entity; Eastward Bound Technology, Inc. d/b/a Vugstyle, Inc., a Colorado corporation; Last Resort, LLC, a California company; and DOES 1-50, inclusive;<br><br>       Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1. COPYRIGHT INFRINGEMENT**<br>**2. CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>**3. FALSE DESIGNATION OF ORIGIN**<br>**4. ACCOUNTING** |

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

COMES NOW Plaintiff Susan Oster ("Plaintiff" or "Ms. Oster"), by and through the undersigned attorneys, who hereby alleges as follows:

## JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT

1.  The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1338(a) because this is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101, 106, 115, 501, 602.

2.  Pursuant to 28 U.S.C. § 1367, the Court has supplemental jurisdiction over any claim deemed not to contain a federal question because it is part of the same case or controversy.

3.  This Court has personal jurisdiction over Defendant Rainbow K Jewelry SAS ("Rainbow K") because Rainbow K has had a substantial presence within this Judicial District and within California. Upon information and belief, Rainbow K produces, manufactures, transports, markets, and/or sells its products in and from California, including in this Judicial District. As such, Rainbow K has substantial and significant contacts within the State of California and has purposefully availed itself to the benefits and protections of the United States by conducting business herein.

4.  This Court has personal jurisdiction over Defendant mytheresa.com GmbH ("MyTheresa") because MyTheresa has had a substantial presence within this Judicial District and within California. Upon information and belief, MyTheresa produces, manufactures, transports, markets, and/or sells products in and from California, including in this Judicial District. As such, MyTheresa has substantial and significant contacts within the State of California and purposefully availed itself to the benefits and protections of the United States by conducting business herein.

5.  This Court has personal jurisdiction over Defendant Schoola, Inc. d/b/a Olivela.com ("OliveLA") because OliveLA has had a substantial presence within this Judicial District and within California. Upon information and belief, OliveLA produces, manufactures, transports, markets, and/or sells products in and from California, including in this Judicial District. As such, OliveLA has substantial and significant

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

contacts within the State of California and purposefully availed itself to the benefits and protections of the United States by conducting business herein.

6. This Court has personal jurisdiction over Defendant SoPicks ("SoPicks") because SoPicks has had a substantial presence within this Judicial District and within California. Upon information and belief, SoPicks produces, manufactures, transports, markets, and/or sells its products in and from California, including in this Judicial District. As such, SoPicks has substantial and significant contacts within the State of California and purposefully availed itself to the benefits and protections of the United States by conducting business herein.

7. This Court has personal jurisdiction over Defendant Eastward Bound Technology, Inc. d/b/a/ Vugstyle ("Vugstyle") because Vugstyle has had a substantial presence within this Judicial District and within California. Upon information and belief, Vugstyle produces, manufactures, transports, markets, and/or sells products in and from California, including in this Judicial District. As such, Vugstyle has substantial and significant contacts within the State of California and purposefully availed itself to the benefits and protections of the United States by conducting business herein.

8. This Court has personal jurisdiction over Defendant Last Resort, LLC ("Last Resort") because Last Resort has had a substantial presence within this Judicial District and within California. Upon information and belief, Last Resort produces, manufactures, transports, markets, and/or sells products in and from California, including in this Judicial District. Upon information and belief, Last Resort is also a California limited liability company with its principal place of business in California. As such, Last Resort has substantial and significant contacts within the State of California and purposefully availed itself to the benefits and protections of the United States by conducting business herein.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this State, and because the named Defendants are subject to personal jurisdiction in this State.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

10. Assignment to the Western Division is proper under Code of Civil Procedure § 395.5 because Plaintiff is informed and believes that the obligation or liability arose in Los Angeles County and that a substantial part of the events or omissions which give rise to the claim asserted herein occurred in Los Angeles County.

## THE PARTIES

11. Plaintiff Susan Oster is, and at all times was, an individual that resides within the City and County of Los Angeles, State of California.

12. Plaintiff is informed and believes that Defendant Rainbow K Jewelry SAS is, and at all times relevant was, a French *Société par Actions Simplifiée* (SAS), which is a simplified joint-stock company under the laws of France purportedly with its principal place of business at 17 Boulevard Raspail 75007 Paris, France. Upon information and belief, the company's headquarters are located at 5 Rue de Castiglione, 75001 Paris, France.

13. Plaintiff is informed and believes that Defendant mytheresa.com GmbH is, and at all times relevant was, a German Gesellschaft mit beschränkter Haftung (GmbH), which is a common type of limited liability company under the laws of Germany purportedly with its principal place of business located in Munich, Germany. Upon information and belief, the company conducts business in the United States located at 44 W. 37th Street, New York, New York 10018.

14. Plaintiff is informed and believes that Defendant Schoola, Inc. d/b/a Olivela.com is, and at all times relevant was, a Delaware corporation with its principal place of business located at 10 E. 40th Street, New York, New York 10016. Upon information and belief, the company also conducts business at 601 Montgomery Street, Suite 675, San Francisco, California 94111.

15. Plaintiff is informed and believes that Defendant SoPicks is, and at all times relevant was, an Italian company under the laws of Italy purportedly with its principal place of business located in Italy.

16. Plaintiff is informed and believes that Defendant Eastward Bound Technology,

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

Inc. d/b/a Vugstyle is, and at all times relevant was, a Colorado corporation with its principal place of business located at 1312 17th Street, Suite 2199, Denver, Colorado 80202.

17. Plaintiff is informed and believes that Defendant Last Resort, LLC is, and at all times relevant was, a California limited liability company with its principal place of business located at 549 Moreno Avenue, Apt. 306, Los Angeles, California 90049.

18. Plaintiff is informed and believes that at all relevant times mentioned herein, Defendants, including those fictitious names as DOES 1 through 50, in doing the things alleged in this Complaint, acted in concert and conspired with or aided and abetted each other to do the acts complained of in this complaint, and that each Defendant acted, at all times, as the agent, partner, co-conspirator, co-venturer, joint venturer, representative or employee of the remaining Defendants and were acting within the scope and purpose of that agency, partnership, joint venture or employment, such that the acts and conduct of each Defendant, including those named herein as DOES, was known to, authorized by and ratified by the other Defendants. Plaintiff is further informed and believes that each of the Defendants named herein engaged in wrongful conduct that is a cause of Plaintiff's damages, and are responsible in some manner for the damages sustained by Plaintiff.

19. DOES 1-50, Defendant Rainbow K, Defendant MyTheresa, Defendant OliveLA, Defendant SoPicks, Defendant Vugstyle, and Defendant Last Resort will be collectively referred to herein as "Defendants."

## GENERAL FACTUAL ALLEGATIONS

### A. Susan Oster and Feral Jewelry

20. Susan Oster is an acclaimed and highly regarded interior designer and jewelry designer.

21. In 2016, Ms. Oster founded Feral Jewelry, a line of original jewelry designs inspired by naturalistic themes and influenced by the wild untamed animal world of the

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

North American wilderness. As such, Ms. Oster is committed to sourcing and creating original jewelry pieces sustainably. The Feral Jewelry collection and designs are available for purchase online at https://feraljewelry.com/.

22. Ms. Oster created and designed an original logo to be used for purposes of promoting, marketing, and identifying the Feral Jewelry brand:



©Feral Jewelry. All rights reserved

23. The Feral Jewelry logo appears on all Feral Jewelry pieces, packaging, and marketing materials.

24. Ms. Oster has obtained and owns several Federal United States Trademark Registrations for the Feral Jewelry brand:

    a. Ms. Oster is the rightful, exclusive owner of the Trademark for "Feral (stylized/design)" registered under serial number 87157524;

    b. Ms. Oster is the rightful, exclusive owner of the Trademark for "Feral (standard character mark)" registered under serial number 87157500;

    c. Ms. Oster is the rightful, exclusive owner of the Trademark for "Miscellaneous Design" of Feral's distinct antlers, registered under serial number 87179027.

25. Ms. Oster has obtained and owns an active and valid copyright registration from the United States Copyright Office ("USCO") under Registration Number VA 2-202-552, which covers and includes exclusive rights to the "Spike Ring" and all derivations thereof.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

26. A prominent, iconic design concept throughout the Feral Jewelry collection is the "Spike" design, which is inspired from the points and tips of elk antlers.

27. In early 2017, Ms. Oster designed and created the original Spike Ring:



28. The Spike Ring has been designed and created in several different variations, including by color, material, and diamond pavé:



ANTLER SPIKE          BLACK MAMBA RING          BLACK SPIKE

BLING SPIKE RING      CRYSTAL SPIKE RING        FACETED CRYSTAL TIPPED SPIKE

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

29. The Spike Ring is produced from a combination of precious metals, crystal, onyx, diamonds, and/or fragments from actual elk antlers.

30. One of the prominent features of the Spike Ring includes a rounded horn as a conical shape with a slight downward curvature starting from one end to the other, with the widest end having the largest diameter and gradually tapering down to the smallest diameter at the point. The rounded horn passes through a gold or silver shank with flat sides that is designed to wrap around the finger. The ring also features diamond pave accents on the ring base metal wrapped around the horn spike. The shank of the ring is designed in a "U" shape with parallel flat sides to accommodate the finger.

31. The Spike Ring in gold and silver are decorated with differing degrees of diamond pavé accents (i.e. straight lines of diamonds, diamonds covering the entirety of the horn, diamonds covering parts of the ring shank, etc.).

32. Likewise, in 2017, Ms. Oster designed and created the original Spike Bracelet, which has been designed and created in several different variations, including by color, material, and diamond pavé:



33. The Spike Bracelet is produced from a combination of precious metals, crystal, onyx, diamonds, and/or fragments from actual elk antlers.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

34. One of the prominent features of the Spike Bracelet includes a rounded horn as a conical shape with a slight downward curvature starting from one end to the other, with the widest end having the largest diameter and gradually tapering down to the smallest diameter at the point. The rounded horn passes through a gold or silver shank with flat sides that is designed to wrap around the wrist. The bracelet also features diamond pave accents on the wrist base metal wrapped around the horn spike. The shank of the bracelet is designed in a "U" shape with parallel flat sides to accommodate the wrist.

35. The Spike Bracelet in gold and silver are decorated with differing degrees of diamond pavé accents (i.e. straight lines of diamonds, diamonds covering the entirety of the horn, diamonds covering parts of the ring shank, etc.).

36. The Spike collection has been widely recognized and featured by various print and online publications, including "*The 100 Women of Jewelry*" by Linda Kozloff-Turner.

37. Ms. Oster was a featured guest on a podcast channel called "Jewelry Navigator" hosted by Brenna Pakes wherein the Feral Jewelry collection was featured and discussed:



38. Ms. Oster has devoted substantial time and energy developing and building the Feral Jewelry brand. Ms. Oster has invested significant resources in marketing, advertising, and promoting the Feral Jewelry collection with various firms, agents, publications, and consultants.

39. Ms. Oster distributes and sells pieces from the Feral Jewelry collection through "brick and mortar" retail stores, the Feral Jewelry online website, and whole sale trade.

40. Ms. Oster has also promoted and displayed the Feral Jewelry line at many "trade and trunk" shows across the country (i.e. Jewelers of America NYC Shows, JCK Las

Vegas Shows, and the Palm Beach Show Group). These trade shows are known in the jewelry industry to be important opportunities to introduce one's jewelry line to high-end independent retailers, national chains, department stores, and global audiences of professional retail jewelers. Ms. Oster expended great capital expenditures and significant resources to attend, participate, exhibit the Feral Jewelry collection.

**Mandalay Bay Convention Center**
June 7, 2017  1:32 PM

 

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

**B. Defendant Rainbow K Jewelry, LLC**

41. Plaintiff is informed and believes that Rainbow K Jewelry SAS ("Rainbow K") is a French *Société par Actions Simplifiée* (SAS), which is a simplified joint-stock company under the laws of France purportedly with its principal place of business at 17 Boulevard Raspail 75007 Paris, France. Upon information and belief, the company's headquarters are located at 5 Rue de Castiglione, 75001 Paris, France.

42. Plaintiff is informed and believes that Rainbow K is owned and operated by jewelry designers Kelly Souied and Kelia Toledano.

43. Plaintiff is informed and believes that, Rainbow K claims on its website that: "Rainbow K is the result of a fusion of inspiration and passion between these two young Parisian women."

44. Plaintiff is informed and believes that Rainbow K claims on its website that Kelly Souied is a gemologist and created "a prestigious jewelry line."

45. Plaintiff is informed and believes that Rainbow K's website states Kelia Toledano is a fashion enthusiast, designs the Rainbow K collections, and oversees the artistic direction of the brand.

46. Plaintiff is informed and believes that Rainbow K is a jewelry brand and retailer with an online presence in France and the United States. Rainbow K's website claims that: "Rainbow K creates timeless pieces that blend everyday accessories with statement elements," and "The signature of Rainbow K is based on innovative and visionary design."

47. In or about early 2023, Plaintiff discovered that Rainbow K designed and created a "Horn" collection of jewelry products.

48. Plaintiff is informed and believes that Rainbow K's Horn collection includes a Horn Ring:

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909




49. Plaintiff is informed and believes that Rainbow K's Horn collection includes a Horn Bracelet:




50. Plaintiff is informed and believes that Rainbow K's "Horn" collection has the same look and feel of Ms. Oster's copyrighted Spike Ring and Spike Bracelet. Rainbow K uses an identical conical shaped element with graduating diameters, with a slight downward curved bend concept, passing through a flat metal "U" shaped shank with parallel sides, with or without diamond and metal accents – the same as Ms. Oster's Spike collection.

51. Plaintiff is informed and believes that Rainbow K describes the Horn Ring as: "a rock and sophisticated piece that embodies the rebellious spirt and confidence."

52. Plaintiff is informed and believes that Rainbow K's offending Horn collection can and has created consumer confusion in the marketplace because it can easily be confused with the Spike collection by Feral Jewelry.

53. Plaintiff is informed and believes that the offending Rainbow K Horn collection

infringes on Ms. Oster's copyrights and trademarks in the Spike collection original designs.

54. Plaintiff is informed and believes that the offending Rainbow K Horn collection has also created an unfair competitive advantage by selling pieces in the Horn collection at a lower price point, using lower quality materials, utilizing smaller size components, and thereby marketing the pieces at a lower price point compared to the Feral Jewelry Spike collection.

55. Plaintiff is informed and believes that the Horn collection, which is expressed in several jewelry categories of Rings, Earrings, Pendants, and Bangles has been extensively promoted and marketed since 2022, and prominently featured in Rainbow K's marketing, press coverage, and on their online website, as well as being sold by various retailers both online and in-store. Some examples are as follows:



JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909



56. Plaintiff is informed and believes that in or about early 2023 Rainbow K created and began distributing, selling, and transporting the infringing Horn collection in France

and the United States.

57. Plaintiff is informed and believes that Rainbow K markets, advertises, promotes, and sells the Horn collection in the United States, France, and through online retailers reaching consumers across the globe, including but not limited to MyTheresa, OlivaLA, Modesens, SoPicks, Vugstyle, Last Resort, Tiny Goods, The Webster, Lissa Fine Jewelry, HP Village Market, Valentines Too, Saks Fifth Avenue, Tassels, Goop, Milestones by Ashleigh Bergman, and Maxfield:







JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**Your Cyber Monday Sales Digest: We've rounded up the best deals, so you don't have to.** See All

MODESENS    WOMEN    MEN    BEAUTY    KIDS    HOME    DESIGNERS    COMMUNITY    SALE    Search any product link, style number, lin[🔍]

MODESENS / WOMEN / RAINBOW K / ACCESSORIES / BRACELETS

**RAINBOW K**

Women's Diamond Horn Hoop Bangle In Gold

**$9400** Set Alert

Join now and earn up to $282 ModeSens Notes when you buy.

VISIT STORE

Visit Olivela for more details    1 / 1    First seen in Sep 2024

**Shop With ModeSens Concierge**

Enjoy the new smart way to shop 600+ stores in one place. Set your maximum total price and we will find the store offering the best price to confirm your order. Learn more

Estimated Price: $9400

ONE SIZE ▾    ADD TO BAG





Top Jewelry Looks from the Women at the 2024 Emmy Awards: Stunning Red Carpet Moments

Embracing her inner rock star, Swift took the stage dripping in a treasure trove of gems! From diamond horn earrings and bracelets by Rainbow K to pavé diamond drop hoops and rings from Ali Weiss Jewelry, she also flaunted pieces from Jade Ruzzo, Retrouvai, MATEO, Lizzie Mandler, Grown Brilliance and For Future Reference Vintage.





58. Plaintiff is informed and believes that Rainbow K markets the Horn collection though the same or similar channels as Feral Jewelry's Spike collection, through "brick and mortar" stores and online.

59. Plaintiff is informed and believes that Rainbow K targets the same or similar consumer audiences as Feral Jewelry through its marketing and promotional activities, particularly online.

60. Plaintiff is informed and believes that Rainbow K's extensive marketing of the offending Horn collection has created confusion in the marketplace.

61. Plaintiff is informed and believes that it will take substantial efforts and financial investment for Feral to retain its reputation throughout the trade and with the public.

62. Plaintiff is informed and believes that the similarities between Feral Jewelry's Spike Ring and Rainbow K's Horn Ring are too striking to be coincidental:

 

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

63. Plaintiff is informed and believes that Emerald X, LLC ("Emerald X") is the entity which runs the COUTURE Atelier show in Las Vegas, Nevada at the Wynn Luxury Hotel ("COUTURE").

64. Plaintiff is informed and believes that Rainbow K has advertised, marketed, and distributed images of its infringing Horn collection on COUTURE's website and through print and online marketing for the show to advertise for the COUTURE show.

65. Plaintiff is informed and believes that there are numerous search results on COUTURE's website for "Rainbow K," including articles discussing Rainbow K's "fine, French jewelry collections."

66. Plaintiff is informed and believes that in June 2023 Emerald X published Rainbow K's infringing Horn collection on its Instagram account for the COUTURE show at @by_couture.

67. Plaintiff is informed and believes that in or about 2023, Emerald X granted Rainbow K's application to exhibit its collections at COUTURE 2023.

68. Plaintiff is informed and believes that Rainbow K did showcase its collections at COUTURE 2023, which necessarily included the infringing Horn collection.

69. Plaintiff is informed and believes that exhibiting at COUTURE is "an exclusive curation of high-end designer fine jewelry and luxury timepieces," and that the chance to exhibit at COUTURE "gives designers and brands the opportunity to join the top echelon of jewelry and timepiece design, and to meet with the most sought-after retailers

and press in the world."

70. Plaintiff is informed and believes that exhibiting at COUTURE is an exclusive opportunity to display "collections in an elegant, intimate showroom environment;" to "cultivate relationships and make personal connection with leading publications and influencers, both during the show and at daily networking events;" to become "a part of the COUTURE community" which gives an exhibitor "unequaled access to highly-motivated, high-end buyers who attend the event each year to discover the breathtaking collections of COUTURE designers and brands;"

71. According to COUTURE's website located at https://thecoutureshow.com/, COUTURE is "The World's Most Exceptional Curation of Designer Fine Jewelry and Luxury Timepiece Brands."

72. Plaintiff is informed and believes that, according to COUTURE's website, COUTURE is held annually at the luxurious Wynn Las Vegas. COUTURE is the most exclusive and intimate destination for the designer fine jewelry and luxury timepiece market. Catering to an elite community of renowned heritage brands, emerging design talent, the finest retailers and award-winning media from around the globe, COUTURE is the premier event where the jewelry industry gathers to connect, collaborate and conduct business.

73. Plaintiff is informed and believes that, according to COUTURE's website, top-tier buyers from the world's most distinguished retailers including Bergdorf Goodman, Marissa Collections, TWIST, Reinhold Jewelers, Borsheims and Neiman Marcus attend COUTURE each year. This is the only venue in the United States that presents an exquisitely curated collection of preeminent designers and brands. From BAYCO to Bell & Ross, from Jade Trau to Fernando Jorge, from Jacquie Aiche to Nikos Koulis, COUTURE caters to its diverse retail community and offers only the best brands that embody the essence of creativity and original design.

74. Plaintiff is informed and believes that, according to COUTURE's website, COUTURE's designers and brands are among the most coveted in the world. From

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

current to collectible, the exceptional curation of design showcased at the event shape jewelry and timepiece trends.

75. Plaintiff is informed and believes that, according to COUTURE's website, COUTURE is the destination for world's most celebrated luxury consumer and trade media outlets. Editors from magazines such as *Town & Country*, *Vanity Fair, Vogue, Robb Report* and *Elite Traveler* seek cutting-edge trends and innovative designs, while bloggers including The Adventurine, Katerina Perez and The Jewellery Editor, along with influencers such as The Diamonds Girl and Champagne Gems, deliver up-to-the minute editorial exposure throughout the duration of the event.

76. Plaintiff is informed and believes that, according to COUTURE's website, the COUTURE trade event is perfect for jewelry retailers, high-end jewelry retailers, fine jewelry associates, independent jewelers, and department store jewelry buyers.

77. Plaintiff is informed and believes that, according to COUTURE's website, at the COUTURE trade event one would find fine jewelry, luxury jewelry, designer jewelry, bespoke & one-of-a-kind pieces, timepiece collections, gemstones jewelry, high-end diamond jewelry, trend-setting fine jewelry, and more.

**C. Defendant MyTheresa**

78. Plaintiff is informed and believes that MyTheresa is a German company purportedly with its principal place of business located in Munich, Germany.

79. Plaintiff is informed and believes that MyTheresa is an online retail destination for men's, women's, and children's luxury fashion, jewelry, and lifestyle design.

80. Plaintiff is informed and believes that MyTheresa intentionally markets, advertises, promotes, sells, and transports Rainbow K's infringing Horn collection in the United States and around the world.

///

///

///

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

**D. Defendant Schoola, Inc.**

81. Plaintiff is informed and believes that Defendant Schoola, Inc. d/b/a Olivela.com ("OliveLA") is, and at all times relevant was, a Delaware corporation with its principal place of business located in the State of New York.

82. Plaintiff is informed and believes that OliveLA is an online retail outlet offering women's designer fashion, eveningwear, gowns, fine jewelry, and accessories.

83. Plaintiff is informed and believes that OliveLA intentionally markets, advertises, promotes, sells, and transports Rainbow K's infringing Horn collection in the United States and around the world.

**E. Defendant SoPicks**

84. Plaintiff is informed and believes that Defendant SoPicks is, and at all times relevant was, an Italian company under the laws of Italy with its principal place of business located in Italy.

85. Plaintiff is informed and believes that SoPicks is an online search engine for customers to discover fashion products from thousands of online stores.

86. Plaintiff is informed and believes that, according to its website at https://www.sopicks.com/about, "SoPicks leverages state-of-the-art technology, a comprehensive aggregation model, and strong relationships with trusted merchants to curate a vast selection from luxury retailers and iconic fashion houses." Further, SoPicks' "advanced search engine and powerful data analysis and filtering system" allows shoppers to "effortlessly search by color, brand, or style to find the precise results you desire."

87. Plaintiff is informed and believes that SoPicks intentionally markets, advertises, promotes, sells, and transports Rainbow K's infringing Horn collection in the United States and around the world.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

### F. Defendant Eastward Bound Technology, Inc. d/b/a Vugstyle

88. Plaintiff is informed and believes that Defendant Eastward Bound Technology, Inc. d/b/a Vugstyle is, and at all times relevant was, a Colorado corporation with its principal place of business located in the City of Denver and State of Colorado.

89. Plaintiff is informed and believes that Vugstyle is a luxury shopping platform and offers users an online experience by curating personalized shopping options in the luxury goods market.

90. Plaintiff is informed and believes that Vugstyle intentionally markets, advertises, promotes, sells, and transports Rainbow K's infringing Horn collection in the United States and around the world.

### G. Defendant Last Resort, LLC

91. Plaintiff is informed and believes that Defendant Last Resort, LLC ("Last Resort") is, and at all times relevant was, a California limited liability company with its principal place of business located at 549 Moreno Avenue, Apt. 306, Los Angeles, California 90049.

92. Plaintiff is informed and believes that Last Resort is a boutique that focuses on offering many high-end emerging brands, providing premium, luxury vacation and travel-inspired clothing, beachwear items, and accessories, and creating a luxury travel shopping experience.

93. Plaintiff is informed and believes that Last Resort intentionally markets, advertises, promotes, sells, and transports Rainbow K's infringing Horn collection in the United States and around the world.

///
///
///
///
///

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIRST CAUSE OF ACTION

## FOR COPYRIGHT INFRINGEMENT

### 17 U.S.C. §§ 101, 106, 501, *et seq.*

*(Against all Defendants and DOES 1-50)*

94. Plaintiff hereby incorporates by reference paragraphs 1 through 93 above and re-alleges them as though they have been fully set forth at this point.

95. Plaintiff is informed and believes that according to 17 U.S.C. § 501, "Anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 122… is an infringer of the copyright or right of the author…"

96. Plaintiff is informed and believes that 17 U.S.C. § 106 gives the owner of a copyright the exclusive rights to do and to authorize the reproduction of the copyrighted work in copies; prepare derivative works based upon the copyrighted work; and distribute copies of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending.

97. Plaintiff is informed and believes that a copyright protects works of authorship, including artistic designs in jewelry.

98. Plaintiff is informed and believes that Ms. Oster has obtained an active and valid copyright registration from the United States Copyright Office ("USCO") which covers and includes exclusive rights to the Feral Jewelry Spike collection.

99. Plaintiff is informed and believes that Ms. Oster owns an active and valid registered copyright of the Spike Ring with the USCO under Registration Number VA 2-202-552.

100. Plaintiff is informed and believes that the Feral Jewelry Spike Ring and Spike Bracelet, and Spike design collection are original, creative works and derivative works in which Plaintiff owns a valid copyright.

101.    Plaintiff is informed and believes that Plaintiff's Spike Ring is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

102.    Plaintiff is informed and believes that Plaintiff's Spike Bracelet is a derivative work from Plaintiff's copyrighted Spike Ring that is properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

103.    Plaintiff is informed and believes that Defendant Rainbow K violated Plaintiff's exclusive right to reproduce Plaintiff's copyrighted Spike Ring and Spike Bracelet by duplicating, copying, selling, transporting, distributing, advertising, and/or marketing Rainbow K's infringing Horn Ring and Horn Bracelet without permission. Upon information and belief, Rainbow K's infringing Horn collection jewelry pieces more than resembles Plaintiff's Spike collection jewelry designs which constitutes direct infringement.

104.    Plaintiff is informed and believes that Defendant Rainbow K violated Plaintiff's exclusive right to prepare derivative works based on her copyrighted work of the Spike Ring and Spike Bracelet by duplicating, copying, selling, transporting, distributing, advertising, and/or marketing Rainbow K's infringing Horn Ring and Horn Bracelet without permission.

105.    Plaintiff is informed and believes that Defendant Rainbow K violated Plaintiff's exclusive right to distribute copies of her copyrighted Spike Ring and Spike Bracelet by duplicating, copying, selling, transporting, distributing, advertising, and/or marketing Rainbow K's infringing Horn Ring and Horn Bracelet without permission.

106.    Plaintiff is informed and believes that Rainbow K markets, advertises, promotes, and sells the Horn collection directly in the United States, France, and through online retailers reaching consumers across the globe, including but not limited to MyTheresa, OlivaLA, Modesens, SoPicks, Vugstyle, Last Resort, Tiny Goods, The

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

Webster, Lissa Fine Jewelry, HP Village Market, Valentines Too, Saks Fifth Avenue, Tassels, Goop, Milestones by Ashleigh Bergman, and Maxfield.

107. Plaintiff is informed and believes that Rainbow K has advertised, marketed, and distributed images of its infringing Horn collection on COUTURE's website and through print and online marketing for the show to advertise for the COUTURE show.

108. Plaintiff is informed and believes that Defendant Rainbow K's violation of Plaintiff's exclusive copyrights to the Spike collection design constitutes willful copyright infringement. Upon information and belief, Rainbow K willfully infringed upon Plaintiff's copyrighted Spike design collection in violation of Title 17 of the U.S. Code, in that Rainbow K used, reproduced, distributed, transported, publicized, and otherwise held out to the public for Rainbow K's commercial benefit Plaintiff's original and unique Spike design without Plaintiff's consent or authority.

109. Plaintiff is informed and believes that Plaintiff has not granted Rainbow K a license, right, assignment, permission, or authority to use the copyrighted Spike design in any manner.

110. Plaintiff is informed and believes that Rainbow K will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering Rainbow K to cease and desist their violations.

111. Plaintiff is informed and believes that as a result of Rainbow K's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Rainbow K's profits attributable to the infringements as provided by 17 U.S.C. §504 in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against Rainbow K for each infringement pursuant to 17 U.S.C. §505, including the recovery of full costs as well as reasonable attorney's fees.

112. Plaintiff is informed and believes that as a result of Rainbow K's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or

restrain Rainbow K from further infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

113.     Plaintiff is informed and believes that Defendant MyTheresa violated Plaintiff's exclusive right to distribute copies of her copyrighted Spike Ring and Spike Bracelet by selling, transporting, distributing, advertising, and/or marketing Rainbow K's infringing Horn Ring and Horn Bracelet.

114.     Plaintiff is informed and believes that Defendant MyTheresa's violation of Plaintiff's exclusive copyrights to the Spike Ring and Spike Bracelet constitutes willful copyright infringement. Upon information and belief, MyTheresa willfully infringed upon Plaintiff's copyrighted Spike design collection in violation of Title 17 of the U.S. Code, in that MyTheresa distributed, transported, publicized, marketed, advertised, and otherwise held out to the public for Rainbow K's and MyTheresa's commercial benefit Plaintiff's original and unique Spike design without Plaintiff's consent or authority.

115.     Plaintiff is informed and believes that Plaintiff has not granted MyTheresa a license, right, assignment, permission, or authority to distribute copies of Plaintiff's copyrighted Spike design in any manner.

116.     Plaintiff is informed and believes that MyTheresa will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering MyTheresa to cease and desist their violations.

117.     Plaintiff is informed and believes that as a result of MyTheresa's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of MyTheresa's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against MyTheresa for each infringement pursuant to 17 U.S.C. §505, including the recovery of full costs as well as reasonable attorney's fees.

118.     Plaintiff is informed and believes that as a result of MyTheresa's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain MyTheresa from further infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

119.     Plaintiff is informed and believes that Defendant OliveLA violated Plaintiff's exclusive right to distribute copies of her copyrighted Spike Ring and Spike Bracelet by selling, transporting, distributing, advertising, and/or marketing Rainbow K's infringing Horn Ring and Horn Bracelet.

120.     Plaintiff is informed and believes that Defendant OliveLA's violation of Plaintiff's exclusive copyrights to the Spike Ring and Spike Bracelet constitutes willful copyright infringement. Upon information and belief, OliveLA willfully infringed upon Plaintiff's copyrighted Spike design collection in violation of Title 17 of the U.S. Code, in that OliveLA distributed, transported, publicized, marketed, advertised, and otherwise held out to the public for Rainbow K's and OliveLA's commercial benefit Plaintiff's original and unique Spike design without Plaintiff's consent or authority.

121.     Plaintiff is informed and believes that Plaintiff has not granted OliveLA a license, right, assignment, permission, or authority to distribute copies of Plaintiff's copyrighted Spike design in any manner.

122.     Plaintiff is informed and believes that OliveLA will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering OliveLA to cease and desist their violations.

123.     Plaintiff is informed and believes that as a result of OliveLA's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of OliveLA's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against OliveLA for each infringement pursuant to 17 U.S.C. §505, including the recovery of full costs as well as reasonable attorney's fees.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

124.    Plaintiff is informed and believes that as a result of OliveLA's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain OliveLA from further infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

125.    Plaintiff is informed and believes that Defendant SoPicks violated Plaintiff's exclusive right to distribute copies of her copyrighted Spike Ring and Spike Bracelet by selling, transporting, distributing, advertising, and/or marketing Rainbow K's infringing Horn Ring and Horn Bracelet.

126.    Plaintiff is informed and believes that Defendant SoPicks' violation of Plaintiff's exclusive copyrights to the Spike Ring and Spike Bracelet constitutes willful copyright infringement. Upon information and belief, SoPicks willfully infringed upon Plaintiff's copyrighted Spike design collection in violation of Title 17 of the U.S. Code, in that SoPicks distributed, transported, publicized, marketed, advertised, and otherwise held out to the public for Rainbow K's and SoPicks' commercial benefit Plaintiff's original and unique Spike design without Plaintiff's consent or authority.

127.    Plaintiff is informed and believes that Plaintiff has not granted SoPicks' a license, right, assignment, permission, or authority to distribute copies of Plaintiff's copyrighted Spike design in any manner.

128.    Plaintiff is informed and believes that SoPicks will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering SoPicks to cease and desist their violations.

129.    Plaintiff is informed and believes that as a result of SoPicks' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of SoPicks' profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against SoPicks for each infringement pursuant to 17 U.S.C. §505, including the recovery of full costs as well as reasonable attorney's fees.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

130.     Plaintiff is informed and believes that as a result of SoPicks' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain SoPicks from further infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

131.     Plaintiff is informed and believes that Defendant Vugstyle violated Plaintiff's exclusive right to distribute copies of her copyrighted Spike Ring and Spike Bracelet by selling, transporting, distributing, advertising, and/or marketing Rainbow K's infringing Horn Ring and Horn Bracelet.

132.     Plaintiff is informed and believes that Defendant Vugstyle's violation of Plaintiff's exclusive copyrights to the Spike Ring and Spike Bracelet constitutes willful copyright infringement. Upon information and belief, Vugstyle willfully infringed upon Plaintiff's copyrighted Spike design collection in violation of Title 17 of the U.S. Code, in that Vugstyle distributed, transported, publicized, marketed, advertised, and otherwise held out to the public for Rainbow K's and Vugstyle's commercial benefit Plaintiff's original and unique Spike design without Plaintiff's consent or authority.

133.     Plaintiff is informed and believes that Plaintiff has not granted Vugstyle's a license, right, assignment, permission, or authority to distribute copies of Plaintiff's copyrighted Spike design in any manner.

134.     Plaintiff is informed and believes that Vugstyle will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering Vugstyle to cease and desist their violations.

135.     Plaintiff is informed and believes that as a result of Vugstyle's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Vugstyle's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against Vugstyle for each infringement pursuant to 17 U.S.C. §505, including the recovery of full costs as well as reasonable attorney's fees.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

136.     Plaintiff is informed and believes that as a result of Vugstyle's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain Vugstyle from further infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

137.     Plaintiff is informed and believes that Defendant Last Resort violated Plaintiff's exclusive right to distribute copies of her copyrighted Spike Ring and Spike Bracelet by selling, transporting, distributing, advertising, and/or marketing Rainbow K's infringing Horn Ring and Horn Bracelet.

138.     Plaintiff is informed and believes that Defendant Last Resort's violation of Plaintiff's exclusive copyrights to the Spike Ring and Spike Bracelet constitutes willful copyright infringement. Upon information and belief, Last Resort willfully infringed upon Plaintiff's copyrighted Spike design collection in violation of Title 17 of the U.S. Code, in that Last Resort distributed, transported, publicized, marketed, advertised, and otherwise held out to the public for Rainbow K's and Last Resort's commercial benefit Plaintiff's original and unique Spike design without Plaintiff's consent or authority.

139.     Plaintiff is informed and believes that Plaintiff has not granted Last Resort a license, right, assignment, permission, or authority to distribute copies of Plaintiff's copyrighted Spike design in any manner.

140.     Plaintiff is informed and believes that Last Resort will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering Last Resort to cease and desist their violations.

141.     Plaintiff is informed and believes that as a result of Last Resort's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Last Resort's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven, or in the alternative, at Plaintiff's election,

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

an award for statutory damages against Last Resort for each infringement pursuant to 17 U.S.C. §505, including the recovery of full costs as well as reasonable attorney's fees.

142.    Plaintiff is informed and believes that as a result of Last Resort's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain Last Resort from further infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

143.    Plaintiff is informed and believes that DOE Defendants 1-50 violated Plaintiff's exclusive right to distribute copies of her copyrighted Spike Ring and Spike Bracelet by selling, transporting, distributing, advertising, and/or marketing Rainbow K's infringing Horn Ring and Horn Bracelet.

144.    Plaintiff is informed and believes that DOE Defendants 1-50's violation of Plaintiff's exclusive copyrights to the Spike Ring and Spike Bracelet constitutes willful copyright infringement. Upon information and belief, DOE Defendants 1-50 willfully infringed upon Plaintiff's copyrighted Spike design collection in violation of Title 17 of the U.S. Code, in that DOE Defendants 1-50 distributed, transported, publicized, marketed, advertised, and otherwise held out to the public for Rainbow K's and Last Resort's commercial benefit Plaintiff's original and unique Spike design without Plaintiff's consent or authority.

145.    Plaintiff is informed and believes that Plaintiff has not granted DOE Defendants 1-50 a license, right, assignment, permission, or authority to distribute copies of Plaintiff's copyrighted Spike design in any manner.

146.    Plaintiff is informed and believes that DOE Defendants 1-50  will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering DOE Defendants 1-50 to cease and desist their violations.

147.    Plaintiff is informed and believes that as a result of DOE Defendants 1-50's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages

and disgorgement of all of DOE Defendants 1-50's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against Last Resort for each infringement pursuant to 17 U.S.C. §505, including the recovery of full costs as well as reasonable attorney's fees.

148.    Plaintiff is informed and believes that as a result of DOE Defendants 1-50's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain Last Resort from further infringement of Plaintiff's copyright pursuant to 17 U.S.C. § 502.

149.    Plaintiff has no adequate remedy at law, as the damage that has been done to Plaintiff is irreparable. Thus, injunctive relief is necessary against defendants, and each of them, to prevent further harm to Plaintiff, as Defendants, and each of them have indicated that they have no intent on stopping their infringement of Plaintiff's intellectual property rights.

## SECOND CAUSE OF ACTION
## FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT

*(Against Defendants MyTheresa, OliveLA, SoPicks,*
*Vugstyle, Last Resort, and DOES 1-50)*

150.    Plaintiff hereby incorporates by reference paragraphs 1 through 149 above and re-alleges them as though they have been fully set forth at this point.

151.    Upon information and belief, Defendant MyTheresa has and or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

152.    Upon information and belief, Defendant MyTheresa knew or had reason to know that Rainbow K's infringing Horn collection infringed Plaintiff's copyrighted works, as described above.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

153.    Upon information and belief, despite MyTheresa's actual and/or constructive knowledge, MyTheresa promoted, marketed, distributed, and sold the infringing Horn collection to consumers in the United States and abroad.

154.    Upon information and belief, MyTheresa's actions materially contributed to the infringement of Plaintiff's copyrights by third parties, including its suppliers, resellers, and/or customers.

155.    Upon information and belief, as a result of MyTheresa's conduct, Plaintiff has suffered and continues to suffer damages, including irreparable harm.

156.    Upon information and belief, Defendant OliveLA has and or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

157.    Upon information and belief, Defendant OliveLA knew or had reason to know that Rainbow K's infringing Horn collection infringed Plaintiff's copyrighted works, as described above.

158.    Upon information and belief, despite OliveLA's actual and/or constructive knowledge, OliveLA promoted, marketed, distributed, and sold the infringing Horn collection to consumers in the United States and abroad.

159.    Upon information and belief, OliveLA's actions materially contributed to the infringement of Plaintiff's copyrights by third parties, including its suppliers, resellers, and/or customers.

160.    Upon information and belief, as a result of OliveLA's conduct, Plaintiff has suffered and continues to suffer damages, including irreparable harm.

161.    Upon information and belief, Defendant SoPicks has and or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

162. Upon information and belief, Defendant SoPicks knew or had reason to know that Rainbow K's infringing Horn collection infringed Plaintiff's copyrighted works, as described above.

163. Upon information and belief, despite SoPicks' actual and/or constructive knowledge, SoPicks promoted, marketed, distributed, and sold the infringing Horn collection to consumers in the United States and abroad.

164. Upon information and belief, SoPicks' actions materially contributed to the infringement of Plaintiff's copyrights by third parties, including its suppliers, resellers, and/or customers.

165. Upon information and belief, as a result of SoPicks' conduct, Plaintiff has suffered and continues to suffer damages, including irreparable harm.

166. Upon information and belief, Defendant Vugstyle has and or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

167. Upon information and belief, Defendant Vugstyle knew or had reason to know that Rainbow K's infringing Horn collection infringed Plaintiff's copyrighted works, as described above.

168. Upon information and belief, despite Vugstyle's actual and/or constructive knowledge, Vugstyle promoted, marketed, distributed, and sold the infringing Horn collection to consumers in the United States and abroad.

169. Upon information and belief, Vugstyle's actions materially contributed to the infringement of Plaintiff's copyrights by third parties, including its suppliers, resellers, and/or customers.

170. Upon information and belief, as a result of Vugstyle's conduct, Plaintiff has suffered and continues to suffer damages, including irreparable harm.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

171.    Upon information and belief, Defendant Last Resort has and or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

172.    Upon information and belief, Defendant Last Resort knew or had reason to know that Rainbow K's infringing Horn collection infringed Plaintiff's copyrighted works, as described above.

173.    Upon information and belief, despite Last Resort's actual and/or constructive knowledge, Last Resort promoted, marketed, distributed, and sold the infringing Horn collection to consumers in the United States and abroad.

174.    Upon information and belief, Last Resort's actions materially contributed to the infringement of Plaintiff's copyrights by third parties, including its suppliers, resellers, and/or customers.

175.    Upon information and belief, as a result of Last Resort's conduct, Plaintiff has suffered and continues to suffer damages, including irreparable harm.

176.    Upon information and belief, DOE Defendants 1-50 have and/or are engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

177.    Upon information and belief, DOE Defendants 1-50 knew or had reason to know that Rainbow K's infringing Horn collection infringed Plaintiff's copyrighted works, as described above.

178.    Upon information and belief, despite DOE Defendants 1-50's actual and/or constructive knowledge, DOE Defendants 1-50 promoted, marketed, distributed, and sold the infringing Horn collection to consumers in the United States and abroad.

179.    Upon information and belief, DOE Defendants 1-50's actions materially contributed to the infringement of Plaintiff's copyrights by third parties, including its suppliers, resellers, and/or customers.

180.    Upon information and belief, as a result of DOE Defendants 1-50's conduct, Plaintiff has suffered and continues to suffer damages, including irreparable harm.

## THIRD CAUSE OF ACTION
## FOR FALSE DESIGNATION OF ORIGIN
### 17 U.S.C. § 1125(a)

*(Against all Defendants and DOES 1-50)*

181.    Plaintiff hereby incorporates by reference paragraphs 1 through 180 above and re-alleges them as though they have been fully set forth at this point.

182.    Commonly known as Section 43(a) of the Lanham Act, 17 U.S.C. § 1125(a) gives a common law owner of an unregistered mark the option to sue in federal or state court for claims of infringement. Section 43(a) prohibits any person who, in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact" which is likely to cause confusion or mistake or to deceive regarding the origin, sponsorship, or approval of goods or services for both registered and unregistered marks shall be liable in a civil action by any person who believes that they are or are likely to be damaged by such act.

183.    Upon information and belief, Plaintiff is the owner of Feral Jewelry's Spike collection jewelry designs and the unregistered marks referred to herein as the Spike Ring and the Spike Bracelet.

184.    Upon information and belief, Plaintiff has a valid, protectable interest in the Feral Jewelry Spike collection, and in the unregistered marks referred to herein as the Spike Ring and the Spike Bracelet.

185.    Upon information and belief, Rainbow K, without permission or authorization, duplicated and copied Plaintiff's Spike Ring and Spike Bracelet by

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

creating a replica Horn Ring and Horn Bracelet to sell, distribute, advertise, market, and transport in commerce in the United States, France, and abroad.

186.    Upon information and belief, Rainbow K's infringing Horn Ring and Horn Bracelet are so similar to Plaintiff's Spike Ring and Spike Bracelet that there is a likelihood of mistake or confusion that misleads consumers into believing that Plaintiff's Spike jewelry pieces are associated with Rainbow K's Horn jewelry items.

187.    Upon information and belief, Rainbow K's infringing Horn Ring and Horn Bracelet are so similar to Plaintiff's Spike Ring and Spike Bracelet that they Rainbow K is likely to deceive the public regarding the origin, sponsorship, or approval of goods or services with Feral Jewelry's Spike Ring and Spike Bracelet.

188.    Upon information and belief, Rainbow K's Horn collection creates a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act.

189.    Upon information and belief, Rainbow K's Horn collection has caused irreparable harm and damage to Plaintiff's business and sales of the Spike collection.

190.    Plaintiff is informed and believes that Rainbow K will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering Rainbow K to cease and desist their violations.

191.    Plaintiff is informed and believes that as a result of Rainbow K's violations of Title 15 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Rainbow K's profits attributable to the infringements in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against Rainbow K for each infringement, including the recovery of full costs as well as reasonable attorney's fees.

192.    Plaintiff is informed and believes that as a result of Rainbow K's violations of Title 15 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain Rainbow K from further unfair business practices or passing off.

193.    Upon information and belief, MyTheresa, without permission or authorization, has engaged in the sale, distribution, advertisement, marketing, and/or transport of Rainbow K's infringing Horn collection in commerce in the United States, France, and abroad.

194.    Upon information and belief, MyTheresa has aided and abetting Rainbow K's infringement of Plaintiff's rights and distributing the Rainbow K's Horn collection which creates a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act.

195.    Upon information and belief, MyTheresa has caused irreparable harm and damage to Plaintiff's business and sales of the Spike collection by distributing, selling, advertising, marketing, and/or transporting Rainbow K's infringing Horn collection in the United States and abroad.

196.    Plaintiff is informed and believes that MyTheresa will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering MyTheresa to cease and desist their violations.

197.    Plaintiff is informed and believes that as a result of MyTheresa's violations of Title 15 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of MyTheresa's profits attributable to the infringements in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against MyTheresa for each infringement, including the recovery of full costs as well as reasonable attorney's fees.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

198.    Plaintiff is informed and believes that as a result of MyTheresa's violations of Title 15 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain MyTheresa from further unfair business practices or passing off.

199.    Upon information and belief, OliveLA, without permission or authorization, has engaged in the sale, distribution, advertisement, marketing, and/or transport of Rainbow K's infringing Horn collection in commerce in the United States, France, and abroad.

200.    Upon information and belief, OliveLA has aided and abetting Rainbow K's infringement of Plaintiff's rights and distributing the Rainbow K's Horn collection which creates a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act.

201.    Upon information and belief, OliveLA has caused irreparable harm and damage to Plaintiff's business and sales of the Spike collection by distributing, selling, advertising, marketing, and/or transporting Rainbow K's infringing Horn collection in the United States and abroad.

202.    Plaintiff is informed and believes that OliveLA will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering OliveLA to cease and desist their violations.

203.    Plaintiff is informed and believes that as a result of OliveLA's violations of Title 15 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of OliveLA's profits attributable to the infringements in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against OliveLA for each infringement, including the recovery of full costs as well as reasonable attorney's fees.

204.    Plaintiff is informed and believes that as a result of OliveLA's violations of Title 15 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain MyTheresa from further unfair business practices or passing off.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

205.      Upon information and belief, SoPicks, without permission or authorization, has engaged in the sale, distribution, advertisement, marketing, and/or transport of Rainbow K's infringing Horn collection in commerce in the United States, France, and abroad.

206.      Upon information and belief, SoPicks has aided and abetting Rainbow K's infringement of Plaintiff's rights and distributing the Rainbow K's Horn collection which creates  a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act.

207.      Upon information and belief, SoPicks has caused irreparable harm and damage to Plaintiff's business and sales of the Spike collection by distributing, selling, advertising, marketing, and/or transporting Rainbow K's infringing Horn collection in the United States and abroad.

208.      Plaintiff is informed and believes that SoPicks will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering SoPicks to cease and desist their violations.

209.      Plaintiff is informed and believes that as a result of SoPicks' violations of Title 15 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of SoPicks' profits attributable to the infringements in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against SoPicks for each infringement, including the recovery of full costs as well as reasonable attorney's fees.

210.      Plaintiff is informed and believes that as a result of SoPicks' violations of Title 15 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain SoPicks from further unfair business practices or passing off.

211.      Upon information and belief, Vugstyle, without permission or authorization, has engaged in the sale, distribution, advertisement, marketing, and/or

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California  90067
Tel. 310.446.9900 • Fax 310.446.9909

transport of Rainbow K's infringing Horn collection in commerce in the United States, France, and abroad.

212.    Upon information and belief, Vugstyle has aided and abetting Rainbow K's infringement of Plaintiff's rights and distributing the Rainbow K's Horn collection which creates a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act.

213.    Upon information and belief, Vugstyle has caused irreparable harm and damage to Plaintiff's business and sales of the Spike collection by distributing, selling, advertising, marketing, and/or transporting Rainbow K's infringing Horn collection in the United States and abroad.

214.    Plaintiff is informed and believes that Vugstyle will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering Vugstyle to cease and desist their violations.

215.    Plaintiff is informed and believes that as a result of Vugstyle's violations of Title 15 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Vugstyle's profits attributable to the infringements in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against Vugstyle for each infringement, including the recovery of full costs as well as reasonable attorney's fees.

216.    Plaintiff is informed and believes that as a result of Vugstyle's violations of Title 15 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain Vugstyle from further unfair business practices or passing off.

217.    Upon information and belief, Last Resort, without permission or authorization, has engaged in the sale, distribution, advertisement, marketing, and/or transport of Rainbow K's infringing Horn collection in commerce in the United States, France, and abroad.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

218.    Upon information and belief, Last Resort has aided and abetting Rainbow K's infringement of Plaintiff's rights and distributing the Rainbow K's Horn collection which creates a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act.

219.    Upon information and belief, Last Resort has caused irreparable harm and damage to Plaintiff's business and sales of the Spike collection by distributing, selling, advertising, marketing, and/or transporting Rainbow K's infringing Horn collection in the United States and abroad.

220.    Plaintiff is informed and believes that Last Resort will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering Last Resort to cease and desist their violations.

221.    Plaintiff is informed and believes that as a result of Last Resort's violations of Title 15 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Last Resort's profits attributable to the infringements in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against Last Resort for each infringement, including the recovery of full costs as well as reasonable attorney's fees.

Plaintiff is informed and believes that as a result of Last Resort's violations of Title 15 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain Last Resort from further unfair business practices or passing off.

222.    Upon information and belief, DOE Defendants 1-50, without permission or authorization, have engaged in the sale, distribution, advertisement, marketing, and/or transport of Rainbow K's infringing Horn collection in commerce in the United States, France, and abroad.

223.    Upon information and belief, DOE Defendants 1-50 have aided and abetting Rainbow K's infringement of Plaintiff's rights and distributing the Rainbow

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

K's Horn collection which creates a false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act.

224.    Upon information and belief, DOE Defendants 1-50 have caused irreparable harm and damage to Plaintiff's business and sales of the Spike collection by distributing, selling, advertising, marketing, and/or transporting Rainbow K's infringing Horn collection in the United States and abroad.

225.    Plaintiff is informed and believes that DOE Defendants 1-50 will continue to engage in the aforementioned infringing activities and unlawful business practices unless and until this Court issues an injunction ordering Last Resort to cease and desist their violations.

226.    Plaintiff is informed and believes that as a result of DOE Defendants 1-50's violations of Title 15 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of DOE Defendants 1-50's profits attributable to the infringements in an amount to be proven, or in the alternative, at Plaintiff's election, an award for statutory damages against DOE Defendants 1-50 for each infringement, including the recovery of full costs as well as reasonable attorney's fees.

227.    Plaintiff is informed and believes that as a result of DOE Defendants 1-50's violations of Title 15 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent and/or restrain DOE Defendants 1-50 from further unfair business practices or passing off.

## FOURTH CAUSE OF ACTION

### FOR ACCOUNTING

*(Against all Defendants and DOES 1-50)*

228.    Plaintiff hereby incorporates by reference paragraphs 1 through 227 above and re-alleges them as though they have been fully set forth at this point.

229.    An accounting is necessary to show the amount due to Plaintiff from each Defendant, and the amount due would be shown by an accounting.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

230.    Upon information and belief, and as alleged herein, Defendant Rainbow K has and/or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

231.    As a result of Rainbow K's infringing actions, Rainbow K received, possessed, and/or controlled funds or property belonging to Plaintiff or in which Plaintiff has an interest.

232.    The exact amount of money or property due to Plaintiff from Rainbow K is unknown and cannot be ascertained without an accounting of the dealings and transactions between the parties.

233.    Plaintiff has demanded an accounting from Rainbow K, but Rainbow K has failed and refused to provide such an accounting.

234.    As a direct and proximate result of Rainbow K's conduct, Plaintiff has been deprived of the ability to determine the full amount owed and has suffered damages in an amount to be proven at trial.

235.    Upon information and belief, and as alleged herein, Defendant MyTheresa has and/or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

236.    As a result of MyTheresa's infringing actions, MyTheresa received, possessed, and/or controlled funds or property belonging to Plaintiff or in which Plaintiff has an interest.

237.    The exact amount of money or property due to Plaintiff from MyTheresa is unknown and cannot be ascertained without an accounting of the dealings and transactions between the parties.

238.    As a direct and proximate result of MyTheresa's conduct, Plaintiff has been deprived of the ability to determine the full amount owed and has suffered damages in an amount to be proven at trial.

239.    Upon information and belief, and as alleged herein, Defendant OliveLA has and/or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

240.    As a result of OliveLA's infringing actions, OliveLA received, possessed, and/or controlled funds or property belonging to Plaintiff or in which Plaintiff has an interest.

241.    The exact amount of money or property due to Plaintiff from OliveLA is unknown and cannot be ascertained without an accounting of the dealings and transactions between the parties.

242.    As a direct and proximate result of OliveLA's conduct, Plaintiff has been deprived of the ability to determine the full amount owed and has suffered damages in an amount to be proven at trial.

243.    Upon information and belief, and as alleged herein, Defendant SoPicks has and/or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

244.    As a result of SoPicks' infringing actions, SoPicks received, possessed, and/or controlled funds or property belonging to Plaintiff or in which Plaintiff has an interest.

245.    The exact amount of money or property due to Plaintiff from SoPicks is unknown and cannot be ascertained without an accounting of the dealings and transactions between the parties.

246.    As a direct and proximate result of SoPicks' conduct, Plaintiff has been deprived of the ability to determine the full amount owed and has suffered damages in an amount to be proven at trial.

247.    Upon information and belief, and as alleged herein, Defendant Vugstyle has and/or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

248.     As a result of Vugstyle's infringing actions, Vugstyle received, possessed, and/or controlled funds or property belonging to Plaintiff or in which Plaintiff has an interest.

249.     The exact amount of money or property due to Plaintiff from Vugstyle is unknown and cannot be ascertained without an accounting of the dealings and transactions between the parties.

250.     As a direct and proximate result of Vugstyle's conduct, Plaintiff has been deprived of the ability to determine the full amount owed and has suffered damages in an amount to be proven at trial.

251.     Upon information and belief, and as alleged herein, Defendant Last Resort has and/or is engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

252.     As a result of Last Resort's infringing actions, Last Resort received, possessed, and/or controlled funds or property belonging to Plaintiff or in which Plaintiff has an interest.

253.     The exact amount of money or property due to Plaintiff from Last Resort is unknown and cannot be ascertained without an accounting of the dealings and transactions between the parties.

254.     As a direct and proximate result of Last Resort's conduct, Plaintiff has been deprived of the ability to determine the full amount owed and has suffered damages in an amount to be proven at trial.

255.     Upon information and belief, and as alleged herein, DOE Defendants 1-50 have and/or are engaging in the sale, transport, distribution, advertisement, and/or marketing of Rainbow K's infringing Horn collection.

256.     As a result of DOE Defendants 1-50's infringing actions, DOE Defendants 1-50 received, possessed, and/or controlled funds or property belonging to Plaintiff or in which Plaintiff has an interest.

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

257.      The exact amount of money or property due to Plaintiff from DOE Defendants 1-50 is unknown and cannot be ascertained without an accounting of the dealings and transactions between the parties.

258.      As a direct and proximate result of DOE Defendants 1-50's conduct, Plaintiff has been deprived of the ability to determine the full amount owed and has suffered damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

## FIRST CAUSE OF ACTION FOR COPYRIGHT INFRINGEMENT

1. For injunctive relief as permitted by law;
2. For general, incidental and compensatory damages according to proof, which is expected to be in excess of $5,000,000.00;
3. For prejudgment interest at the legal rate of 10%;
4. For reasonable attorneys' fees, costs, and expenses incurred as permitted by law; and,
5. For such other and further relief as the Court may deem proper.

## SECOND CAUSE OF ACTION FOR CONTRIBUTORY COPYRIGHT INFRINGEMENT

1. For injunctive relief as permitted by law;
2. For general, incidental and compensatory damages according to proof, which is expected to be in excess of $5,000,000.00;
3. For prejudgment interest at the legal rate of 10%;
4. For reasonable attorneys' fees, costs, and expenses incurred as permitted by law; and,
5. For such other and further relief as the Court may deem proper.

## THIRD CAUSE OF ACTION FOR FALSE DESIGNATION OF ORIGIN

1. For injunctive relief as permitted by law;

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

2. For general, incidental and compensatory damages according to proof, which is expected to be in excess of $5,000,000.00;

3. For prejudgment interest at the legal rate of 10%;

4. For reasonable attorneys' fees, costs, and expenses incurred as permitted by law; and,

5. For such other and further relief as the Court may deem proper.

## FOURTH CAUSE OF ACTION FOR ACCOUNTING

1. For a full and complete accounting of all funds, assets, and property received, held, or managed by each Defendant for or on behalf of Plaintiff;

2. For payment to Plaintiff of all amounts determined to be due and owing from each Defendant as a result of the accounting;

3. For interest on all amounts due from each Defendant;

4. For reasonable attorneys' fees, costs, and expenses incurred as permitted by law; and,

5. For such other and further relief as the Court may deem proper.

Dated: May 30, 2025

**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**

Michael J. Saltz, Esq.
Attorney for Plaintiff

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909