1

2

3

4

5

6

7

8

9  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  SUSAN OSTER                          Case No.:  2:25–cv–04929–JLS–PD

12                                       **INITIAL STANDING ORDER FOR**
                  Plaintiff(s),          **CIVIL CASES ASSIGNED TO**
13                                       **JUDGE JOSEPHINE L. STATON**
            v.
14
    RAINBOW K JEWELRY SAS , et al.
15

16              Defendant(s).

17

18  _____

19      **PLEASE READ THIS ORDER CAREFULLY. IT GOVERNS THIS**

20  **CASE AND DIFFERS IN SOME RESPECTS FROM THE LOCAL RULES.**

21      This case has been assigned to the calendar of Judge Josephine L. Staton. Both

22  the Court and counsel bear responsibility for the progress of this litigation in federal

23  court. To "secure the just, speedy, and inexpensive determination" of this case, as

24  called for in Federal Rule of Civil Procedure 1, all parties or their counsel are

25  ordered to become familiar with the Federal Rules of Civil Procedure, the Local

26  Rules of the Central District of California, and this Court's Orders.

27  \\\

28  \\\

**THE COURT ORDERS AS FOLLOWS:**

Judge Staton's Procedures web page is incorporated in this Order.

The parties and counsel are ORDERED to review and comply with those procedures and notices, which may be accessed at:

http://www.cacd.uscourts.gov/honorable-josephine-l-staton

**1.    Filing of Civil Cases**

The initiating documents (*e.g.*, complaints and notices of removal) of most civil cases must be e-filed. *See* Local Rule 3-2.

**2.    Service of the Complaint**

Service is governed by Federal Rule of Civil Procedure 4. The plaintiff shall promptly serve the complaint in accordance with Rule 4 and file the proofs of service. Although Rule 4(m) allows 90 days for service of the summons and complaint, the Court expects service to be effectuated more promptly. The Court will require plaintiffs to show good cause to extend the service deadline beyond 90 days.

**3.    Temporary Restraining Orders and Preliminary Injunctions**

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 65. The Court will not rule on any application for such relief for at least twenty-four (24) hours after the party subject to the requested order has been served, unless service is excused. Such party may file opposing or responding papers in the interim.

**4.    Cases Removed from State Court**

All documents filed in state court, including documents appended to the complaint, answers, and motions, must be refiled in this Court as a supplement to the notice of removal. *See* 28 U.S.C. § 1447(b). If the defendant has not yet answered or filed a pre-answer motion, the defendant's answer or motion must be filed in this Court and must comply with the Federal Rules of Civil Procedure and and the Local Rules. If a motion was pending in state court before the case was

1  removed, it must be re-noticed for hearing in accordance with Local Rule 6-1.

2  Counsel shall file with their first appearance a Notice of Interested Parties in

3  accordance with Local Rule 7.1-1.

4      If the complaint, answer, or any similar pleading in an action that is removed

5  to this Court consists of only a form pleading in which boxes are checked, the party

6  or parties utilizing the form pleading must file an appropriate pleading with this

7  Court within thirty (30) days of the filing of the Notice of Removal. The new

8  pleading must comply with the requirements of Federal Rules of Civil Procedure

9  7 through 11.

10  **5.    Status of Fictitiously Named Defendants**

11      Generally, in conformity with Federal Rule of Civil Procedure 15(c)(1)(C),

12  real parties in interest shall be identified and substituted for "Doe" defendants

13  within the 90- day time limit set forth set forth in Rule 4(m). Where the Court

14  issues a scheduling order that sets an earlier deadline for the filing of motions to

15  add parties or amend pleadings, that deadline must be met. Plaintiffs seeking to

16  substitute parties after the earlier of these two dates must establish good cause to

17  do so. *See* Fed. R. Civ. P. 4(m).

18  **6.    Discovery**

19      **a.    Discovery Matters Referred to Magistrate Judge**

20      All discovery matters have been referred to the assigned United States

21  Magistrate Judge, who will hear all discovery disputes. Any party may move for

22  review and reconsideration of a discovery ruling within fourteen days after such

23  ruling. *See* Local Rule 72-2. However, in accordance with 28 U.S.C. § 636(b)(1)

24  (A), the Court will not reverse any order of the Magistrate Judge unless the moving

25  party demonstrates that the ruling is clearly erroneous or contrary to law. The

26  motion must specify which portions of the ruling are clearly erroneous or contrary

27  to law and support the contention with points and authorities. As to all filings

28  related to motions for review and reconsideration of a discovery order, counsel

1  shall deliver mandatory chambers copies to both the District Judge and the

2  Magistrate Judge.

3      **b.    Compliance with Federal Rule of Civil Procedure 26(a)**

4      The parties shall comply fully with the letter and spirit of Federal Rule of Civil

5  Procedure 26(a). The Court's Scheduling Order will impose firm deadlines to

6  complete discovery.

7  **7.    Applications to Seal**

8      Counsel are directed to consider carefully whether to seek leave to file

9  documents under seal. The procedure for obtaining leave is lengthy. Applications

10 must in all instances be supported by good cause, and at times are subjected to an

11 even higher standard. Most of the time, documents may not be filed under seal in

12 their entirety, and appropriately redacted documents must still be filed on the public

13 docket.

14     When seeking leave to file any material under seal in a civil case, the parties

15 and counsel are directed to fully comply with all steps of the multi-step procedure

16 set forth in Local Rule 79-5. The parties are directed to follow the instructions in

17 the Guide to Electronically Filing Under-Seal Documents in Civil Cases which is

18 attached in PDF format to Judge Staton's Procedures web page.

19     Counsel are reminded that there is a strong presumption that the public has a

20 right of access to records in civil cases. For materials related to non-dispositive

21 motions, the Designating Party must show good cause for the materials to be filed

22 and maintained under seal. For materials related to dispositive motions, the

23 standard is higher, and the Designating Party must articulate compelling reasons

24 for maintaining the confidentiality of the document(s) and must seek relief that is

25 narrowly tailored to the protected interest. *See Pintos v. Pacific Creditors Ass'n,*

26 605 F.3d 665, 667-79 (9th Cir. 2010).

27 \\\

28 \\\

**8.    Motions**

**a.    Time for Filing and Hearing Motions**

Motions shall be filed in accordance with Local Rule 7. This Court hears motions on **Fridays**, beginning at 10:30 a.m. It is not necessary to clear a hearing date with the Court Clerk before filing a motion in a civil motion. Counsel must check the Court's website for Closed Motion Dates.

**b.    Pre-Filing Requirement To Meet and Confer**

Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Counsel should discuss the issues to a sufficient degree that if a motion is still necessary, the briefing may be directed to those substantive issues requiring resolution by the Court. Counsel should resolve minor procedural or other non-substantive matters during the conference. This provision applies even to self-represented parties; there is no exception to this rule for parties who appear *pro se*.

**c.    Limitations on Briefing.**

Limitations on the length of briefs are specified in Local Civil Rule 11-6.1. A certification of compliance is required as set forth in Local Rule 11-6.2. In addition, because reply briefs should by their nature be shorter than motion and opposition briefs, the Court imposes an additional limitation on reply briefs, limiting those to 4,200 words rather than 7,000 words. Only in rare instances and for good cause shown will the Court grant an application to extend these page limitations. No supplemental briefs may be filed without prior leave of court.

**d.    Supporting Evidence**

Parties shall not proffer evidence other than the specific items of evidence or testimony in support of or in opposition to a motion. For example, the parties should provide excerpts rather than entire deposition transcripts or entire sets of interrogatory responses. Where a motion must be supported by ***admissible***

1    evidence, authenticity must be established by stipulation of the parties, declaration,

2    or other appropriate means.

3           **e.    Citations to Legal Authority**

4           Citations to legal authority should include pinpoint citations to specific

5    page(s), section(s), and subsection(s) referenced. Citations to secondary sources

6    such as treatises, manuals, and other materials should include the volume, section,

7    and page(s) cited.

8    **9.    Specific Motions**

9           **a.    Motions Pursuant to Rule 12**

10          Many motions to dismiss or to strike can be avoided if the parties confer in

11   good faith (as required by Local Rule 7-3), especially for pleading deficiencies that

12   could be corrected by amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th

13   Cir. 1996) (where a motion to dismiss is granted, a district court should provide

14   leave to amend unless it is clear that the complaint could not be saved by any

15   amendment). Moreover, a party has the right to amend the complaint "once as a

16   matter of course" within 21 days after service of the answer or Rule 12(b) motion.

17   Fed. R. Civ. P. 15(a)(1)(A)-(B).

18          **b.    Motions to Amend**

19          In addition to meeting the requirements of Local Rule 15-1, counsel shall

20   attach as an appendix to the moving papers a "redlined" version of the proposed

21   amended pleading indicating all additions and deletions of material. All motions to

22   amend pleadings shall: (1) state the effect of the amendment and (2) identify the

23   page and line number(s) and wording of any proposed change or addition of

24   material. The proposed amended pleading shall be serially numbered to

25   differentiate it from previously amended pleadings (*e.g.*, "Second Amended

26   Complaint" or "Third Amended Answer and Counterclaims"). If leave to amend is

27   granted, the filing party must comply with Local Rule 15-1 through 15-3 in filing

28   the amended pleading.

### c.    Summary Judgment Motions

A party may file only one summary judgment motion in a case. Parties need not wait until the motion cutoff date to bring motions for summary judgment or partial summary judgment. The parties should prepare papers in a fashion that will assist the Court in absorbing the facts (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.).

### i.    Statements of Uncontroverted Facts and Genuine Issues

The Statement of Uncontroverted Facts and Conclusions of Law ("Statement of Uncontroverted Facts"), as required by Local Rule 56-1, shall be formatted based on the following example:

| 1. (Moving party's first uncontroverted fact) | (Supporting evidence citation(s)) |
| 2. (Moving party's second undisputed fact) | (Supporting evidence citation(s)) |

The opposing party's Statement of Genuine Disputes of Material Fact (required by Local Rule 56-2) must be in two columns and track the movant's Statement of Uncontroverted Facts exactly as prepared, but must combine the moving party's fact statements and the supporting evidence into one column. Thus, the first column must restate the allegedly undisputed fact *and the alleged supporting evidence*, and the second column must state either that the fact proffered by the moving party is undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, it must clearly indicate what part is being disputed. Whenever all or part of a proffered fact is disputed, the opposing party must *briefly* state why it disputes the moving party's proffered fact, cite to the relevant exhibit(s) or other evidence, and must describe what it is in that exhibit or evidence that refutes the proffered fact. To illustrate:

\\\

\\\

| 1. (Moving party's first uncontroverted fact). (Supporting evidence citation(s)). | 1. Undisputed. |
|---|---|
| 2. (Moving party's second undisputed fact). (Supporting evidence citation(s)). | 2. Disputed. Plaintiff's Rule 30(b)(6) witness testified to the contrary. (Pltf's Ex. 14, Clark Depo. at 24:5-26:17.) |

The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant. Presentation of those additional material facts by the non-moving party shall follow the format described above for the moving party's Statement of Uncontroverted Facts. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the right-hand column the evidence that supports that statement. A Reply fact statement may be filed by the the moving party in a manner consistent with Local Rule 56-3.

***No legal argument should be set forth in the Statement of Uncontroverted Facts or the Statement of Genuine Disputes of Material Fact. Legal argument should be reserved for the parties' briefs. Objections and the relevant Federal Rule of Evidence or other basis therefor may be noted, but citations to case law and/or legal argument should be presented in the separate document described below.***

### ii.    Objections to Evidence

If a party relies in whole or in part on an evidentiary objection to dispute a material fact, the ground(s) of the objection(s) shall be succinctly stated in a separate statement of evidentiary objections in a two-column format. The left column should identify and describe the item(s) objected to (including page and line number if applicable) and the right column should set forth a concise objection (*e.g.*, hearsay, lacks foundation, etc.) with a citation to the Federal Rules of Evidence or, where applicable, a case citation. Any response to the objections shall incorporate and build upon the two-column format set forth in the objections in the same manner as the Statement of Genuine Disputes of Material Fact incorporates and builds upon the Statement of Uncontroverted Facts.

The Court will expressly rule on objections only when it deems it necessary to do. Generally, the Court will expressly rule on objections only as to evidence that factors into the Court's rationale for its rulings.

### c.    *Daubert* **Motions**

Unlike other motions in *limine, Daubert* motions are usually due to be filed within seven days after the expert discovery cut-off date set in the Scheduling Order.

The parties shall notice *Daubert* motions for hearing on the first available motions date at the time of their filing, unless that date is after the final pretrial conference date, in which case the *Daubert* motions will be heard at the final pretrial conference.

### 10.    **Notice of This Order**

Plaintiff's counsel or plaintiff (if appearing on his or her own behalf) shall immediately serve this Order on all parties, including any new parties to the action. If this case was removed from state court, the removing defendant(s) shall serve this Order on all other parties.

**IT IS SO ORDERED.**

Dated: June 4, 2025                              **JOSEPHINE L. STATON**
                                                United States District Judge

Revised: September 23, 2023