Edith Sanchez Shea (SBN 177578)
E-mail: eshea@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 | Fax: 213.236.2700

Attorneys for Defendant
Rainbow K Jewelry SAS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

Susan Oster d/b/a/ Feral Jewelry, an individual,

Plaintiff,

v.

Rainbow K Jewelry SAS. a French joint-stock company; mytheresa.com GmbH, a German entity; Schoola, Inc. d/b/a/ Olivela.com, a Delaware corporation; SoPicks, an Italian entity; Eastward Bound Technology, Inc. d/b/a/ Vugstyle, Inc., a Colorado corporation; Last Resort, LLC, a California company; and DOES 1-50, inclusive,

Defendants.

Case No. 2:25-cv-04929 JLS (PDx)

**DEFENDANT RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

***Filed concurrently with Request for Judicial Notice; (Proposed) Order***

**Date: February 20, 2026**
**Time: 10:30 a.m.**
**Ctrm: 8A**

Judge: Hon. Josephine L. Staton

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**NOTICE IS HEREBY GIVEN** that at 10:30 a.m. on February 20, 2026, or as soon thereafter as this matter may be heard in Courtroom 8A of the above-captioned Court, located at the United States Courthouse, 350 West First Street, Los Angeles, California 90012, the Honorable Josephine L. Staton presiding, Defendant Rainbow K Jewelry SAS ("Rainbow" or "Defendant") will and hereby does move the Court to

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

1

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

stay this California Action under the doctrine of international abstention pending resolution of Plaintiff Oster's first filed infringement action against Rainbow (French Action") currently pending before the Paris Court of Justice, 3rd Chamber, 2nd Section, Case No. RG 25/05477, Portalis No. 352J-W-B7J-C7WDE ("Rainbow's Motion to Stay").

This Motion is made pursuant to L.R. 7-3 following a conference of counsel, which took place on December 4, 2025.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause to stay this California Action under the international abstention doctrine because Plaintiff Oster filed two duplicative actions alleging infringement in the California Action, of a subset of works from the "Horn collection" already accused in the French Action.

Rainbow's instant Motion to Stay is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers filed with this Court, the Request for Judicial Notice, and such further argument and matters as may be offered at the time of the hearing if the Court so instructs.

Dated: December 9, 2025         BURKE, WILLIAMS & SORENSEN, LLP

By:     *s/ Edith Sanchez Shea*
        Edith Sanchez Shea
        Attorneys for Defendant
        Rainbow K Jewelry SAS

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

2

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION
AND MOTION TO STAY ACTION

# TABLE OF CONTENTS

I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 2

III. LEGAL ARGUMENT TO STAY .......... 4

1. Plaintiff Oster's duplicative French And California Actions completely overlap .......... 6
2. *Colorado River* Factor 1; jurisdiction over the property .......... 8
3. *Colorado River* Factor 2; inconvenience of the federal forum .......... 9
4. *Colorado River* Factor 3; desire to avoid piecemeal litigation .......... 9
5. *Colorado River* Factor 4; order in which the forums obtained jurisdiction .......... 10
6. *Colorado River* Factor 5; rule of decision .......... 11
7. *Colorado River* Factor 6; adequacy of the French Court .......... 11
8. *Colorado River* Factor 7; avoiding forum shopping .......... 13
9. *Colorado River* Factor 8; issues resolved by French Action .......... 13
10. The *Colorado River* Factors favor a stay .......... 14

IV. CONCLUSION .......... 14

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

i

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

# TABLE OF AUTHORITIES

## CASES

*Chateau Sch., Inc. v. Green Mountain Assocs. Inc.*, 2019 U.S. Dist. LEXIS 26013, 2019 WL 692794 (D. Haw. February 19, 2019) .......... passim

*Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253 (9th Cir. 2021).......... 6, 11

*Gintz v. Jack In The Box, Inc.*, 2006 U.S. Dist. LEXIS 88987 (N.D. Ca. November 28, 2006).......... 13

*Greenpower Motor Co., Inc. v. Oldridge*, 2022 U.S. Dist. LEXIS 246655 (C.D. Ca. November 14, 2022)....... passim

*Havel v. Honda Motor Europe Ltd.*, 2014 U.S. Dist. LEXIS 140983 (S.D. Tx. September 30, 2014) .......... 12

*MGA Entm't Inc. v. Deutsche Bank AG*, 2013 U.S. Dist. LEXIS 198282 (C.D. Ca. November 7, 2013).......... 12

*Nakash v. Marciano*, 882 F.2d 1411 (9th Cir. 1989).......... 7

*Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193 (9th Cir. 1991).......... 4

*Southern Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C.*, 946 F.3d 780 (5th Cir. 2020).......... 6, 11

*Supermicro Computer Inc. v. Digitechnic*, 145 F. Supp. 2d 1147 (N.D. Ca. 2001) .......... 2, 4

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054 (9th Cir. 2022).......... 1, 5

*Young Money Entm't, LLC v. Universal Music Grp., Inc.*, 2016 U.S. Dist. LEXIS 192448 (C.D. Ca. July 29, 2016) .......... 7, 10, 11

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

ii

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Rainbow, a French company located in Paris, hereby respectfully moves the Court to stay this later filed infringement action ("California Action") under the doctrine of international abstention pending resolution of Plaintiff Oster's first filed infringement action currently pending before the Paris Court of Justice, 3rd Chamber, 2nd Section, Case No. RG 25/05477, Portalis No. 352J-W-B7J-C7WDE[1] ("French Action").[2]

Plaintiff filed the initial Complaint in this California Action on May 30, 2025 alleging infringement against by a subset of the same works from the "Horn collection"[3] accused in the French Action, and recently filed a First Amended Complaint on November 25, 2025 (D.I. 54, "FAC"), dropping the Third Cause of Action for "False Designation of Origin" and adding two new defendants and a new copyright registration.

Rainbow respectfully submits that Oster's infringement claims here, as now asserted in the First Amended Complaint, are duplicative of Oster's infringement claims in the French Action, giving rise to inefficiencies and unnecessary expenditures by all involved. Rainbow, additionally, submits that the Frech Action is substantially ahead of this California Action with an expected resolution around June 2026, such that if both Actions were allowed to proceed in parallel, it could

---

[1] Tribunal Judiciaire de Paris, 3ème Chambre, 2ème Section, n° RG 25/05477, n° Portalis 352J-W-B7J-C7WDE.

[2] Alleging "Infringement Author rights" or alternatively "Unfair and Parasitic competition" against works of Rainbow's "Horn collection."

[3] "[A] collection of works does not qualify as a 'single unit of publication' unless all individual works of the collection were first published as a singular, bundled unit." *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1068 (9th Cir. 2022) (citations omitted).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

1

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

well result in inconsistent findings, rulings and awards, while (ii) staying this California Action would avoid these pitfalls as well as narrow, if not eliminate altogether, the outstanding issues by resolution of the Plaintiff's French Action. *Greenpower Motor Co., Inc. v. Oldridge*, Civ. No. 5:22-cv-00252, 2022 U.S. Dist. LEXIS 246655, *14-15, 20-21 (C.D. Ca. November 14, 2022) (granting stay under the doctrine of international abstention); *Supermicro Computer Inc. v. Digitechnic*, 145 F. Supp. 2d 1147 (N.D. Ca. 2001) (dismissing second domestic action in favor of first filed foreign action).

## II. STATEMENT OF FACTS

Plaintiff Oster and Rainbow, without conceding that the two are competitors in any manner, space or market, design and commercialize jewelry and ornamental pieces. For her own strategic reasons, Plaintiff Oster filed and is pursuing two duplicative infringement Actions against works of Rainbow's "Horn collection" jewelry line, despite certified filings in the French Action confirming ***very*** *de minimis* sales of the "Horn collection" worldwide.[4]

Oster's infringement claims in both Actions completely overlap; same parties and same accused works as illustrated in the below Venn diagram.

French Action
All Horn collection
sales worldwide
California Action
U.S. domestic sales
only

[4] Rainbow does not include specific sales numbers and dates in connection with the "Horn collection" because there is no protective order in place. Rainbow, however, has already provided this information to Plaintiff Oster in the French Action, and will provide same information provided to the French Court to your Honor for *en camera* inspection upon request.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

2

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

Plaintiff's first filed French Action accuses all works of the "Horn collection" *ever made* regardless of if/where commercialized worldwide, while the California Action accuses a subset of those works that are *also* deemed to be an infringing commercialization by Rainbow in the U.S.,[5] which would appear to constitute a duplicate award. The French Action addresses all of Oster's infringement claims against the *entire* set of works comprising the "Horn collection," and significantly, the Frech Judge has scheduled a hearing for December 18, 2025 to receive evidence from Mr. Phi Dominic Tran, Rainbow's chartered accountant regarding audit of Rainbow reporting all works of the "Horn collection," whether sold or still in inventory.[6] (Ex. C,[7] September 18, 2025 Pre-Trial Judge Order; Ex. E, November 14, 2025 Pre-Trial Judge Order.)

A little more than a month after filing the French Action, Plaintiff Oster turned around and filed the redundant California Action, and then six-months later, Plaintiff recently filed the FAC on November 25, 2025, alleging "Copyright infringement." Rainbow respectfully submits that Plaintiff's claim for an accounting is mooted by the French Judge's December 18, 2025 hearing to receive evidence from Rainbow's chartered accountant, further demonstrating the complete overlap and how the French Action is narrowing, and may well eliminate, issues in the California Action.

---

[5] Plaintiff's Oster's FAC (D.I. 54) only accuses and provides examples of works from the "Horn collection," but Oster has not explained what (if any) exact pieces of the collection accused in the California Action are not already accused of infringing in the French Action to avoid double damages.

[6] All works of the "Horn collection" still inventory would likely be destroyed by the Frech authorities at Oster's request upon a finding of infringement there.

[7] The Exhibit numbers used herein correspond to the Exhibits submitted with Rainbow's Request for Judicial Notice filed concurrently herewith.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

3

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

Upon Plaintiff's initial filings, Rainbow ceased and desisted commercializing the works of the "Horn collection" and promptly took remedial actions pending investigation and resolution of Oster's claims, including removing images of the "Horn collection" from Rainbow's official website and social media (identified by Oster in settlement discussions as well as independently located); the principals of Rainbow (who are individual defendants in the French Action) are, likewise, endeavoring to do the same. *Equally significant*, there have been no sales of works of the "Horn collection" by Rainbow since Plaintiff Oster's initial filings, such that Plaintiff Oster cannot seriously allege any *on-going* or mounting harm.

The French Action has progressed more quickly than the California Action, with the recently filed FAC adding new – yet to be served – parties and resetting the clock to zero. Meanwhile, the Frech Action is moving forward and is well ahead of the California Action making substantive rulings and having an expected resolution date of about June 2026; as that date rapidly approaches, the parties might be further motivated to settle, which – in turn – presumably also resolve the disputes pending in the California Action. The Frech Action's substantial head start and lead strongly favors Rainbow's requested stay.

## III. LEGAL ARGUMENT TO STAY

"Where there is a parallel proceeding pending in a foreign country, the international abstention doctrine permits federal district courts to decline exercising jurisdiction over a proceeding under 'exceptional circumstances.'" *Greenpower Motor Co., Inc. v. Oldridge*, Civ. No. 5:22-cv-00252, 2022 U.S. Dist. LEXIS 246655, *9-10 (C.D. Ca. 2022) (citing *Chateau Sch., Inc. v. Green Mountain Assocs. Inc.*, Civ. No. CV 18-00030, 2019 U.S. Dist. LEXIS 26013, *8 (D. Haw. February 19, 2019) (citing *Neuchatel Swiss Gen. Ins. Co. v. Lufthansa Airlines*, 925 F.2d 1193, 1194-95 (9th Cir. 1991)); *Supermicro Computer Inc. v. Digitechnic*, 145 F. Supp. 2d 1147, 1149 (N.D. Ca. 2001) (dismissing second domestic action in favor of first filed foreign action).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

4

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

The Ninth Circuit employs an analysis under the *Colorado River* doctrine to determine whether to stay a domestic proceeding in favor of a pending parallel foreign proceeding. The threshold question asks whether the two actions are "sufficiently parallel" or are "substantially the same parties … contemporaneously litigating the same issues in different forums." *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *7 (citations omitted). If so, the Court evaluates the eight *Colorado River* factors to determine whether to grant the stay:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or foreign law provides the rule of decision on the merits; (6) whether the foreign court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the foreign court proceedings will resolve all issues before the federal court.

*Greenpower*, 2022 U.S. Dist. LEXIS 246655, *7-8 (citations omitted).

Further, Plaintiff's Oster's U.S. copyright registrations (assuming valid) have no extraterritorial reach unless "a complete act of infringement in the United States enables further infringement abroad, a copyright owner can recover for the defendant's foreign exploitation of the copyrighted work." *Unicolors, Inc. v. H&M Hennes & Mauritz L.P.*, Civ. No. 16-cv-02322-AB (SKx), 2018 U.S. Dist. LEXIS 233141, *26-27 (C.D. Cal. August 1, 2018), remanded and affirmed on other grounds, *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1068 (9th Cir. 2022) (citations omitted). <u>This dispute presents the opposite scenario. All alleged infringing acts necessarily first occurred in France because all accused works were imported into the United States</u>.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

5

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

Further, the U.S. Copyright Act provides for one recover only per act of infringement per work, such that any award of infringement damages in the French Action should preclude a second award of infringement damages for the same work in this Action. *Desire, LLC v. Manna Textiles, Inc.*, 986 F.3d 1253, 1264-1267, fn. 10 (9th Cir. 2021); *Southern Credentialing Support Servs., L.L.C. v. Hammond Surgical Hosp., L.L.C.*, 946 F.3d 780, 786-787 (5th Cir. 2020) ("the Copyright Act, … does not distinguish between 'different' infringements.")

Accordingly, the Court should grant the stay which will narrow, if not completely resolve, all of the pending issues here given the compete overlap of parties and accused works.

**1. Plaintiff Oster's duplicative French And California Actions completely overlap**

In the California Action, Oster accuses a subset of works "Horn collection" first accused of infringement in the French Action, which is strong evidence that the Actions are parallel. *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *8-9 (the Court "should be particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of [a] more comprehensive [foreign] litigation…"). Further, Oster naming additional defendants, related to Rainbow, in the respective Actions is inconsequential. The "additional" defendants in the French Action are Rainbow's two individual principles, and Plaintiff has only accused alleged resellers of Rainbow's "Horn collection" in the California Action. (See D.I. 54, FAC, ¶¶ 59, 87, 91, 95, 98, 102-108 and 109-112.) As such, a stay of the California Action would not adversely impact them, and more importantly, resolution of the French Action will narrow, if not subsume, those claims against the other defendants. "Exact parallelism is not required, … nominal differences in the lists of defendants do not counsel against a stay nor do they outweigh the fact that the majority of the parties in the two cases do overlap." *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *9-11 (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)); *Chateau*

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

6

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

*Sch.*, 2019 U.S. Dist. LEXIS 26013, *10-11.

The below chart illustrates the complete overlap of parties and accused works in the French and California Actions.

| CRITERION | FIRST FILED FRENCH ACTION | SECOND FILED CALIFORNIA ACTION |
| --- | --- | --- |
| Plaintiff | Oster | Oster |
| Defendant | • Rainbow K Jewelry<br>• Ms. Kelly Benhamou-Soueid<br>• Ms. Kélia Toledano-Berdah | • Rainbow K Jewelry<br>• Alleged Rainbow K jewelry resellers |
| Claims | • Infringement Author rights<br>• In the alternative, Unfair and Parasitic competition | • Infringement U.S. Copyright<br>• Accounting |
| Demands | • 1.165.000 Euros; Infringement of Author rights<br>• 1.165.000 Euros; Unfair and Parasitic competition<br>• Prohibition, destruction and publication measures<br>• Costs and attorney's fees | • 5.000.000 USD<br>• Interest, costs and attorneys' fees |
| Date Filed | April 23, 2025 | • Original Complaint filed May 30, 2025<br>• FAC filed November 25, 2025 |
| Market | Worldwide | U.S. only |
| Status | • Rainbow's Writ on the merits was filed October 16, 2025<br>• Plaintiff Oster's Writ in answer to be filed by December 15, 2025<br>Next Hearing set for December 18, 2025, to, inter alia, receive evidence from Rainbow's chartered accountant and discuss outstanding issues to move the matter to resolution. | • Plaintiff filed a First Amended Complaint on November 25, 2025<br>• No scheduling order<br>• Rainbow understands that, at least, the two new parties need to be served |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

7

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

| Trial Date | • Pleadings on the merits and Court Judgement expected around June 2026 | • No trial date<br>• No scheduling order<br>• Plaintiff filed a First Amended Complaint on November 25, 2025 |
|---|---|---|

The Court should deem Oster's French and California Actions "parallel" because "substantially the same parties are contemporaneously litigating the same issues in different forums…" *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *8-9 (citations omitted); *Young Money Entm't, LLC v. Universal Music Grp., Inc.*, Civ. No. CV 16-2096-GHK (JCx), 2016 U.S. Dist. LEXIS 192448, *11-12 (C.D. Ca. July 29, 2016) ("Though the two actions involve different defendants and facially different disputes, they center around common facts and issues.").

As demonstrated in the below analysis, the *Colorado River* factors, likewise, strongly favor the stay.

**2. *Colorado River* Factor 1; jurisdiction over the property**

The French Court and authorities have already exercised jurisdiction over the accused works (comprising unsold inventory) on April 10, 2025. At the behest of Oster, the French authorities conducted an on-site inspection of Rainbow's facilities and logged four (4) items. The French Court has also required identification and discovery of all pieces of the "Horn collection" and is conducting the December 18, 2025, during which the Court will receive evidence from the chartered accountant. (See Section III.5 *infra*.) The French Court will, additionally, order destruction of the minimal works remaining in inventory at Oster's request upon a finding of infringement. Further, because Rainbow is solely located in France, any judgment over any works in the California Action (to the extent not a second recovery), would likely need to be enforced in France. Colorado River Factor 1, accordingly, clearly favors the stay. See *Chateau Sch.*, 2019 U.S. Dist. LEXIS 26013, *10-11.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

8

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

**3. *Colorado River* Factor 2; inconvenience of the federal forum**

The Central District of California is a significantly more inconvenient forum than France to resolve Plaintiff Oster's infringement claims. Paris, France, is the center of gravity here, where (i) Rainbow and virtually all of the witnesses and documents/records necessary for trial and (ii) the first filed French Action are located. Compounding this inconvenience, Rainbow conducts business and maintains records in French while the witnesses speak French, such that extensive translation and interpretation resources will be required to prosecute the California Action.[8] This factor, accordingly, also weights in favor of a stay. *Chateau Sch.*, 2019 U.S. Dist. LEXIS 26013, *11-13 ("costs for translators and interpreters, as well as costs for transporting evidence to this forum is unduly burdensome and will require air travel."); see also *Id.*, at *14-15.

**4. *Colorado River* Factor 3; desire to avoid piecemeal litigation**

"Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results. [and] ***avoiding piecemeal litigation is considered one of the most important factors*** in the *Colorado River* analysis." *Chateau Sch.*, 2019 U.S. Dist. LEXIS 26013, *13-14 (emphasis added).

Plaintiff Oster has accused the same works of the "Horn collection" of infringement in both Actions. Staying the duplicative California Action would avoid piecemeal litigation of, e.g., establishing novelty, protectability and ownership of the "Horn collection" design, infringement, misappropriation thereof involving French language business records and French speaking witnesses to show/rebut values/profits/damages (if any) resulting from such actions. Because the Frech

---

[8] "Some courts have held that translation of trial materials and evidence to be a basis for choosing one forum over another." See *Chateau Sch.*, 2019 U.S. Dist. LEXIS 26013, *11-13, fn. 4 (collecting and discussing cases).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

9

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

Action is so far in the lead, the French Court has already made substantive rulings and will continue to do so.

A stay also, importantly, avoids potential "complexities" of translation/interpretation where "any differentiating terms could potentially alter an interpretation of the evidence." *Id.*, at *14-15 (translation issues constitute exceptional circumstances justifying a stay). Equally important, the stay respects Plaintiff Oster's first choice of forum, serves the interests of judicial economy and international comity and even if the issues are not fully "mirrored …, or completely identical, … denying a stay [here] would certainly result in duplicative efforts, potentially produce conflicting results, and not promote conservation of judicial resources and comprehensive disposition of litigation…" *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *14-15; *Young Money*, 2016 U.S. Dist. LEXIS 192448, *17.

This *most important factor strongly favors the requested stay*.

**5. *Colorado River* Factor 4; order in which the forums obtained jurisdiction**

Here, the "relative progress of the separate matters, such as whether any dispositive motions have been filed and ruled on, is more relevant than the dates on which the federal and foreign complaints were filed." *Chateau Sch.*, 2019 U.S. Dist. LEXIS 26013, *16. The French Action was both filed first and has progressed well ahead of the California Action, particularly given Plaintiff's reset of the clock with the FAC, adding a new copyright registration and two parties to be served. The French Court: (1) has required discovery of all works comprising the accused "Horn collection" and is receiving evidence thereon during the December 18, 2025 hearing (Ex. C, September 18, 2025 Pre-Trial Judge Order; Ex. E, November 14, 2025 Pre-Trial Judge Order); (2) is making material decisions resolving issues between the parties; and (3) is expected to reach judgment on the merits before or around June 2026.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

10

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

Rainbow respectfully submits that the French Action should be resolved, whether by settlement or on the merits, long before the California Action would, which strongly weighs in favor of a stay. *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *15-16; *Young Money*, 2016 U.S. Dist. LEXIS 192448, *17.

**6. *Colorado River* Factor 5; rule of decision**

This factor favors a stay where there are questions of foreign law that are complex and difficult and are better resolved by the foreign court. Greenpower, 2022 U.S. Dist. LEXIS 246655, *16. While Oster's infringement claims in the California Action are not subject to, nor require application of, French law, Oster alleges infringement and seeks corresponding damages against a subset of works already accused in the French Action.

As such, the French Court with its insurmountable lead, (i) will be making material findings and rulings on overlapping issues, and (ii) if infringement is proved, will award Oster damages and compensation and order existing works in inventory confiscated/destroyed, which without a stay could very well result in inconsistent rulings, outcomes and/or impermissible double recovery. *Desire, LLC*, 986 F.3d at 1264-1267, fn. 10; *Southern Credentialing Support*, 946 F.3d at 786-787. Even if there are no questions of foreign law presented in the California Action, a stay is appropriate because of the complete overlap of parties and issues. *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *18 (granting stay when Factor 5 not met); *Chateau Sch.*, 2019 U.S. Dist. LEXIS 26013, *17-18 (same).

**7. *Colorado River* Factor 6; adequacy of the French Court**

"This factor concerns whether the foreign court might be unable to enforce federal rights" at-issue here in the California Action. *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *17. While French infringement law may not provide for the exact same measures of damages and relief as U.S. copyright law, the French Court may - *as requested by Oster* in its summons – upon sufficient proof infringement (i) prohibit offering for sale, displaying, and marketing the infringing works, (ii) order

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

11

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

the destruction, in presence of a Bailiff, of the entire remaining stock of infringing works, (iii) order the publication of excerpts from the decision to be rendered by the Court on Rainbow's web site (top of the home page) and through different printed media, (iv) associate all these measures of prohibition, destruction and publication with a penalty payment per day of delay after a period of days to be determined by the Court from the date of service of the decision to be rendered by the Court, (v) order the payment of monetary damages and of all the costs relating to the procedure. (Ex. A, Oster summons dated April 23, 2025.)

Plaintiff Oster, moreover, cannot claim any credible on-going or mounting harm if a stay is granted because of Rainbow's prompt remedial actions, and this District has repeatedly rejected arguments that France is not an "adequate forum" under the *Colorado River* factors because "its legal system does not provide for the same exact cause of action or the same exact relief as in California…" *MGA Entm't Inc. v. Deutsche Bank AG*, Civ. No. CV 11-4932-GW(RZx), 2013 U.S. Dist. LEXIS 198282, *9-10 (C.D. Ca. November 7, 2013) (refusing to lift stay because France is an adequate forum); see generally *Id.*, at *8-10 (collecting and evaluating cases holding France an adequate forum).

Based upon this sound rationale, the Central District has granted a stay even when there were not identical theories of damages because "significant overlap of the facts and issues involved in the two cases, the [foreign] Action will [like here] likely resolve a large portion, if not all, of the issues in the instant case, [and] … a stay would not foreclose [Oster] from returning to this forum to resolve any remaining claims, ***this factor only weighs slightly against a stay***." *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *18 (granting stay) (emphasis added); *Chateau Sch.*, 2019 U.S. Dist. LEXIS 26013, *17-18 (same); see also *Havel v. Honda Motor Europe Ltd.*, Civ. No. H-13-1291, 2014 U.S. Dist. LEXIS 140983, *47-49 (S.D. Tx. September 30, 2014) (granting *forum non conveniens* because "plaintiffs' UK and US copyright claims may both be tried in the English courts, where similar remedies

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

12

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

are available for both.”).

**8. *Colorado River* Factor 7; avoiding forum shopping**

While there is no express evidence of forum shopping here, Rainbow has not filed any legal actions (e.g., declaratory judgment), and courts have observed in similar circumstances, “that allowing a substantially similar federal action to proceed would likely encourage forum shopping.” *Gintz v. Jack In The Box, Inc.*, Civ. No. C 06-02857 CW, 2006 U.S. Dist. LEXIS 88987 (N.D. Ca. November 28, 2006)).

Rainbow respectfully submits that this factor favors staying this California Action. After filing the French Action, Oster brought duplicate infringement claims against the very same works of the “Horn collection” in the California Action and has since filed the FAC adding a new copyright registration and parties. As other courts have held, there is no other inference than that Oster is improperly seeking a more favorable forum. *Id.*

**9. *Colorado River* Factor 8; issues resolved by French Action**

“Under this factor, exact parallelism is not required, substantial similarity between the two cases is sufficient to warrant a stay. This factor may weigh in favor of stay even if there is not complete overlap between the parties, and even if the federal suit includes additional claims.” *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *20-21. As discussed above in connection with parallelism, the California Action involves the same copyright holder Oster, same accused defendant Rainbow, same designs “Horn collection” and same accused works. (See Section III.1 *supra*.)

Given the complete overlap of parties and accused works and “[b]ecause Defendant [Rainbow] seeks only a stay and not dismissal of the instant case, the federal forum will remain open if for some unexpected reason the [French] forum turns out to be inadequate. … This factor weighs in favor of a stay.” *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *21.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

13

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS’ NOTICE OF MOTION AND MOTION TO STAY ACTION

**10. The *Colorado River* Factors favor a stay**

Based upon the above evaluation of the Colorado River factors, the Court should grant Rainbow's requested stay. Plaintiff Oster has accused the same work of the "Horn collection" of infringement in both Actions, such that there can be no serious dispute that the two Actions are parallel. *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *7. Further, four of the eight *Colorado River* factors favor a stay: Factor (2) "forum inconvenience," Factor (3) and ***most important factor*** "avoiding piecemeal litigation," Factor (4) "order of obtaining jurisdiction" and Factor (8) "resolution of issue by foreign action." On the other hand, Factor (1) "jurisdiction over the property" and Factor (2) "forum shopping" are neutral to slightly favoring a stay.

While Factor (5) "rule of decision" and Factor (6) "adequacy of the French Court" slightly weigh against a stay here, any modest differences in remedies are overcome by the complete overlap of parties and accused works. *Greenpower*, 2022 U.S. Dist. LEXIS 246655, *18 (observing that with the overlap "factor [6] only weighs slightly against a stay" and granting stay); *Chateau Sch.*, 2019 U.S. Dist. LEXIS 26013, *17-18 (same).

## IV. <u>CONCLUSION</u>

Defendant Rainbow respectfully submits that the above demonstrates more than sufficient "exceptional circumstances" to stay the California Action under the international abstention doctrine pending resolution of the parallel French Action filed first by Oster and respectfully requests the Court to enter an Order staying this California Action.

Dated: December 9, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By: *s/ Edith Sanchez Shea*
Edith Sanchez Shea
Attorneys for Defendant
Rainbow K Jewelry SAS

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

14

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Rainbow K Jewelry SAS, certifies that this brief contains 4,033 words, which complies with the word limit of L.R. 11-6.1.

Dated: December 9, 2025

BURKE, WILLIAMS & SORENSEN, LLP

By: *s/ Edith Sanchez Shea*
Edith Sanchez Shea
Attorneys for Defendant
Rainbow K Jewelry SAS

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4902-9575-3344 v1

15

Case No. 2:25-cv-04929 JLS (PDx)
RAINBOW K JEWELRY SAS' NOTICE OF MOTION AND MOTION TO STAY ACTION