# Exhibit D

A Madame, Monsieur le Juge de Mise en Etat

# Tribunal Judiciaire de Paris
3$^{ème}$ Chambre, 2$^{ème}$ Section

N° RG 25/05477
N° Portalis 352J-W-B7J-C7WDE

# CONCLUSIONS D'INCIDENT (2) EN DEFENSE

SIGNIFIEES PAR RPVA LE 08 OCTOBRE 2025

PLAIDOIRIES DU 09 OCTOBRE 2025

**POUR :**   **RAINBOW K JEWELRY,** SAS dont le siège se situe 5, Rue de Castiglione 75001 Paris,

**ET :**   **Madame Kelly BENHAMOU–SOUEID,** née le 19 juillet 1990 à Antibes, de nationalité française, demeurant au 28, Rue Sedaine, 75011 Paris,

**ET :**   **Madame Kélia TOLEDANO-BERDAH,** née le 6 septembre 1990 à Paris, de nationalité française, demeurant au 95, Rue de Courcelles, 75017 Paris,

_**DEFENDERESSES**, ayant pour avocat,_

**ip*SO***, _société (selàrl) d'Avocats au Barreau de Paris,_
_agissant par_ **Maître Pascal Becker,** _Avocat au Barreau de Paris,_
_5, Rue Murillo, 75008 Paris,_
_becker@ipso.pro, tél : 01.53.93.65.05,_        *#RPVA*        *Toque L 052*

**CONTRE :**   **Madame Susan OSTER**, née le 24 mars 1964 à Philadelphie (Pennsylvanie), de nationalité américaine, exerçant la profession de créatrice de bijoux, demeurant 1880 Century Park East, Suite 900, Los Angeles, CA, 90067, Etats- Unis d'Amérique, élisant domicile au cabinet SVL AVOCAT, représenté par Me Sophie VIARIS de LESEGNO, 17, Bou1evard Raspail, 75007 Paris,

_**DEMANDERESSE**, ayant pour avocat,_

**SVL AVOCAT**, _représenté par_ **Maître Sophie VIARIS de LESEGNO,**
_Avocat au Barreau de Paris,_
_17, Boulevard Raspail, 75007 Paris,_
_sophie.viaris@svlavocat.fr, tél : 01 53 74 10 80,_        *#RPVA*        *Toque G 605*

## **PLAISE** A MADAME, MONSIEUR LE JUGE DE LA MISE EN ETAT

### A TITRE LIMIMAIRE :

Attendu que, par-devant votre Tribunal, en date du 23 avril 2025 et après avoir fait procédé à une saisie-contrefaçon, la demanderesse a assigné la société RAINBOW K JEWELRY (*ci-après RAINBOW*), ainsi que mesdames Kelly BENHAMOU–SOUEID et Kélia TOLEDANO-BERDAH, en contrefaçon de droits d'auteur, applicables prétendument à des bijoux en forme de « U » traversé en sa partie supérieure par un axe conique :

  

Que l'affaire a été fixée pour conclusions des défenderesses au 16 octobre 2025, conclusions de la demanderesse au 15 décembre 2025 et audience de mise en état au 18 décembre 2025.

Que pour mémoire, la demanderesse a depuis également assigné la société RAINBOW aux USA, ce par-devant le Tribunal de Los Angeles, en date du 30 mai 2025, réclamant notamment 5.000.000 USD de dédommagement, alors qu'à peine 10 produits de bijouterie parmi ceux incriminés au titre de la prétendue contrefaçon alléguée ont été vendues et livrés par cette société sur ce territoire en 2 ans ½.

Que par conclusions d'incident signifiées le 23 juillet 2025, puis du 06 octobre 2025, la demanderesse vous a demandé :

*Vu les articles 788 et 789 du Code de Procédure Civile ;*
*Vu les ordonnances de saisie-contrefaçon du 27 mars 2025 ; Vu l'article L.331-1-2 du Code de la Propriété Intellectuelle ;*

*ORDONNER à la société RAINBOW K JEWELRY :*

*De communiquer les informations comptables portant sur les articles :*
- *Bague Horn Pavé / Ring Horn full Diamonds*
- *Bague Horn Lignes Diamants / Ring Horn Hoop Diamonds*
- *Bague Horn Or / Ring Horn gold*
- *Bague Horn Ligne diamants noirs / Ring Horn Hoop black Diamonds*
- *Bracelet Horn Lignes Diamants / Bangle Horn Hoop Diamonds*
- *Bracelet Horn Pavé / Bangle Horn Pave*

*Et en particulier :*

*COMMUNIQUER tous documents, factures et pièces comptables relatives au nombre de produits litigieux vendus, ainsi que le nombre de ceux demeurant en stock, et les différents magasins/détaillants ou grossistes auprès desquels les produits litigieux ont été vendus et sont encore disponibles ;*

*DIRE que les factures clients, les extraits comptables et états des stocks, devront être accompagnés des bons de commandes, des factures et bons de livraison des fabricants et prestataires, des documents de dédouanement, des bons de livraison et des pièces échangées avec le transitaire déclaré, soit la société VDH, ou toute autre transitaire ;*

> *COMMUNIQUER un tirage imprimé ou un envoi électronique de la comptabilité informatisée en tous lieux où elle se trouverait, laissant apparaître le montant du chiffre d'affaires généré par les ventes des six articles litigieux ;*
>
> *COMMUNIQUER tous prospectus, visuels et campagnes publicitaires, brochures, catalogues, notices, tarifs d'où pourraient résulter l'origine, la destination et l'étendue des faits allégués de contrefaçon, et obtenir le nombre de tirages de chacun des supports publicitaires précités ;*
>
> *DIRE que les pièces comptables ne pourront être caviardées ;*
>
> *DIRE que les pièces comptables devront être certifiées par un expert-comptable indépendant permettant de justifier de l'exhaustivité des ventes déclarées et des articles en stock ;*
>
> *ORDONNER à Madame Kélia TOLEDANO–BERDAH de déclarer son domicile réel, et de produire tout justificatif de domicile associé ;*
>
> *ORDONNER à la société RAINBOW K JEWELRY de déclarer et son siège effectif et réel, de produire tout justificatif associé et de l'enjoindre à le mentionner au sein des mentions légales du site internet www.rainbowkjewelry.com*
>
> *ASSORTIR l'ensemble de ces mesures d'une astreinte de 1.000 euros par jour de retard suivant un délai de 8 jours à compter de la signification de l'ordonnance à intervenir.*
>
> *CONDAMNER in solidum la société RAINBOW K JEWELRY, Madame Kelly BENHAMOU – SOUEID, et Madame Kélia TOLEDANO – BERDAH à verser à Madame Susan OSTER une indemnité de 3.000 euros au titre de l'article 700 du Code de Procédure Civile*
>
> *CONDAMNER in solidum la société RAINBOW K JEWELRY, Madame Kelly BENHAMOU – SOUEID, et Madame Kélia TOLEDANO – BERDAH aux dépens*

Que ces conclusions d'incident ont été signifiées alors même que les défenderesses avaient communiqué par RPVA le 18 juillet 2025 une Attestation établie par l'expert-comptable de la société RAINBOW, le Cabinet FIDURYS, reprenant les premiers éléments déjà transmis dans le cadre de l'opération de saisie-contrefaçon et complétées de données chiffrées supplémentaires, en particulier sur le plan comptable et financier.

*Pièce incident 01 - Attestation du Cabinet FIDURYS en date du 17 juillet 2025*
*Pièce incident 02 - Message RPVA de communication à la demanderesse de la Pièce incident 01 en date du 18 juillet 2025*

Qu'ainsi les informations nécessaires à la demanderesse, afin de lui permettre d'apprécier les quantités commercialisées et les marges réalisées avec les produits incriminés et prétendument contrefaisants, étaient-elles déjà entre ses mains dès cette date.

Que nonobstant et par message RPVA du 02 septembre 2025, la demanderesse vous a demandé la fixation d'un « *calendrier sur incident indépendamment du calendrier au fond afin de ne pas attendre la date de la prochaine audience de mise en état du 18 décembre 2025* ».

*Pièce incident 03 - Message RPVA de la demanderesse en date du 02 septembre 2025*

Que les défenderesses ont fait connaitre leur point de vue par message RPVA du même jour.

*Pièce incident 04 - Message RPVA des défenderesses en date du 02 septembre 2025*

Que par Bulletin du même jour, vous avez fixé un rendez-vous judiciaire pour le 18 septembre 2025 afin de « *chercher la convergence des positions des parties sur la demande d'information* ».

Que suite à ce rendez-vous judiciaire qui s'est tenu à ladite date, vous avez édité un nouveau Bulletin, le même jour, demandant aux parties de confirmer pour le 25 septembre suivant l'accord de chacune des parties sur :

- une (re)communication par les défenderesses des factures déjà communiquées en annexe de l'Attestation du 17 juillet 2025, après avoir désocculter le territoire de destination ;

- une (re)attestation par l'expert-comptable de RAINBOW, après y avoir inclut la totalité des facturations effectuées parc cette dernière à partir de la France, quel que soit le territoire de destination, en distinguant selon le territoire ;

- une (re)attestation par l'expert-comptable de RAINBOW, portant sur (i) le chiffre d'affaire annuel réalisé par cette dernière avec les produits incriminés, (ii) le mode de calcul des marges réalisées en donnant autant d'informations que possible sur la provenance pour crédibiliser l'explication sur le calcul de cette marge, et (iii) l'état détaillé des stocks restant.

- une communication de ce qui précède avec les conclusions au fond des défenderesses pour le 16 octobre 2025.

*Pièce incident 05 – Bulletin de mise en état du 18 septembre 2025*

Que les défenderesses ont entièrement confirmé leur accord avec les termes de votre proposition susvisée et ce par message RPVA du 22 septembre 2025.

*Pièce incident 06 - Message RPVA des défenderesses en date du 22 septembre 2025*

Que la demanderesse a par contre refusé son accord avec votre proposition, ce par message RPVA du 25 septembre 2025.

*Pièce incident 07 - Message RPVA de la demanderesse en date du 25 septembre 2025*

Que l'on pouvait toutefois s'y attendre, malgré le point d'équilibre parfaitement trouvé par cette proposition,

la demanderesse n'ayant toujours poursuivi qu'un seul et unique objectif dans le cadre de ce dossier, « aspirer » un certain nombre de données appartenant à la société RAINBOW - *relevant toutes du secret des affaires* - plus particulièrement en relation avec son « *fichier clients* », tout comme en relation avec ses fabricants/fournisseurs,

en l'occurrence nullement nécessaires pour lui permettre de mettre en œuvre un calcul des préjudices prétendument subis du fait de la contrefaçon de droits d'auteur alléguée.

Que cela est d'autant plus avéré que la demanderesse, qui prétend commercialiser les produits de bijouterie invoqués « *aux Etats-Unis et en France auprès de revendeurs premium* », n'a jamais produit la moindre donnée chiffrée en relation avec ces produits, alors que son site web https://feraljewelry.com n'affiche pas le moindre prix de vente applicable aux produits de bijouterie qui y sont présentés, et bien que disposant d'une rubrique « *shop* » sur ce site, aucun produit de bijouterie, notamment ceux invoqués dans la présente espèce, ne peut y être acheté !

*Pièce incident 08 – Extraits du site web https://feraljewelry.com*

Qu'il s'y ajoute que si ce même site web dispose également d'une rubrique « *détaillants* », au sein de laquelle est déroulée une liste de 13 partenaires de vente au détail, seul 2 détaillants y sont mentionnés comme étant localisés en France, les 11 autres étant tous situés aux USA.

*Pièce incident 09 – Extraits du site web https://feraljewelry.com*

Qu'en France, il s'agit de MAD LORDS et de MEMO JEWELRY PARIS, le premier situé à Paris, Saint-Tropez et Deauville, et exploitant le site web https://www.madlords.com, le second situé à Vigneux-Sur-Seine, et exploitant le site web https://www.memojewelryparis.com.

*Pièce incident 10 – Extraits du site web https://www.madlords.com*
*Pièce incident 11 – Extraits du site web https://www.memojewelryparis.com*

Qu'aucun de ces vites web, lesquels sont pour le coup de véritables sites marchands, ne permettent toutefois d'identifier des produits de bijouterie sous les noms/marques OSTER, FERAL ou encore SPIKE !

Qu'en considération de ce qui précède, il ne saurait donc être fait droit à la demande d'information de la demanderesse telle que définie dans les termes de ses conclusions d'incident,

et en tout état de cause pas au-delà de ce qui est strictement nécessaire à une évaluation des préjudices prétendument subis par cette dernière du fait des actes de contrefaçon des prétendus droits d'auteur allégués à l'encontre des défenderesses,

c'est-à-dire dans les termes de votre juste proposition, telle qu'exprimée dans le Bulletin de mise en état du 18 septembre 2025, soit par :

- une (re)communication par les défenderesses des factures déjà communiquées en annexe de l'Attestation du 17 juillet 2025, après avoir désocculter le territoire de destination ;

- une (re)attestation par l'expert-comptable de RAINBOW, après y avoir inclut la totalité des facturations effectuées parc cette dernière à partir de la France, quel que soit le territoire de destination, en distinguant selon le territoire ;

- une (re)attestation par l'expert-comptable de RAINBOW, portant sur (i) le chiffre d'affaire annuel réalisé par cette dernière avec les produits incriminés, (ii) le mode de calcul des marges réalisées en donnant autant d'informations que possible sur la provenance pour crédibiliser l'explication sur le calcul de cette marge, et (iii) l'état détaillé des stocks restant.

- une communication de ce qui précède avec les conclusions au fond des défenderesses pour le 16 octobre 2025.

*Pièce incident 05 – Bulletin de mise en état du 18 septembre 2025*

Qu'en tout état de cause, il vous sera demandé de donner acte de ce que ces éléments seront, quoiqu'il en soit et indépendamment de votre Ordonnance à venir, effectivement communiqués par les défenderesses dans les termes et le calendrier précités.

Attendu que la demanderesse,

qui n'a eu de cesse de discréditer violemment les défenderesses, et ce au moins depuis son Assignation diligentée le 23 avril 2025, les qualifiant à longueur de pages de ses écritures et communications avec le Tribunal et le Juge de la Mise en Etat de « *dissimulatrices* » et fustigeant sans arrêt leur prétendue « *opacité* »,

ne nous y trompons pas, aux seules fins de chercher à vous convaincre que vous n'auriez d'autre choix que de faire droit à sa demande d'information dans les termes de ses conclusions d'incident, demande des plus abusive et dans son seul intérêt commercial propre,

a encore cherché à monter en épingle une vaine polémique sur les domiciles effectifs des défenderesses,

se croyant ainsi être autorisée à faire encore valoir à l'encontre des défenderesses, outre une prétendue « *dissimulation* » et une supposée « *opacité* », de tout autant supposées « *mauvaise foi* » et « *défaut de loyauté* » de leur part et, y ajoutant, de « *mépris pour la justice* », etc… !

Que sur cette dernière question, on rappellera ici ce qui a été indiqué lors du rendez-vous judiciaire organisé par vos soins le 18 Septembre 2025, à savoir :

- la société RAINBOW K JEWELRY a son siège social des plus clairement établi au « *5 rue de Castiglione 75001 Paris* », ainsi qu'il est indiqué par son extrait K Bis, encore levé en dernier lieu, la veille de ce rendez-vous judiciaire, le 16 septembre 2025 ;

*Pièce incident 12 – Extrait Kbis de la société RAINBOW K JEWELRY*

- l'adresse ayant encore figuré très malencontreusement sur le site web de cette société, soit le « *17 rue Cernuschi 75017 Paris* », ayant été son précédent siège social, qui n'était autre alors, jeune entreprise fraîchement créée, que l'adresse personnelle de madame Kélia TOLEDANO-BERDAH elle-même, et ayant été corrigée comme il se devait ;

*Pièce incident 13 – Extraits du site web https://rainbowkjewelry.com*

- cette adresse personnelle étant du reste celle qui figure toujours sur le passeport de madame Kélia TOLEDANO-BERDAH, établi le 16 janvier 2020 et valable jusqu'au 15 janvier 2030 ;

*Pièce incident 14 – Passeport de madame Kélia TOLEDANO-BERDAH*

- même si madame Kélia TOLEDANO-BERDAH a très récemment et personnellement déménagé au « *95 rue de Courcelles 75017 Paris* », comme également indiqué lors du rendez-vous judiciaire du 18 septembre 2025.

*Pièce incident 15 - Facture EDF du 11 septembre 2025 de madame Kélia TOLEDANO-BERDAH*

Que la volonté clairement affichée par la demanderesse de discréditer systématiquement les défenderesses et RAINBOW en particulier aura été jusqu'à chercher à vous faire croire que RAINBOW aurait pu « *trafiquer* » sa facturation, en particulier en relation avec la facture n° 20240336 du 24 octobre 2024 en lien avec une commande du 11 septembre 2024.

*Pièce incident 01 - Attestation du Cabinet FIDURYS en date du 17 juillet 2025*

Que pour ce faire, la demanderesse compare cette facture - la seule qui ait été officiellement établie par RAINBOW en relation avec la commande correspondante (*en l'occurrence de la demanderesse elle-même*), la seule qui soit numérotée et qui porte les mentions légales requises - à la facture provisoire sans numérotation et établie automatiquement, immédiatement après le paiement par carte bancaire de cette commande, par le site internet marchand et sur laquelle la défenderesse n'a aucune prise.

*Pièce demanderesse 4.3*

Que cette *énième* polémique pour chercher à alimenter ce que la demanderesse nomme elle-même une « *suspicion* » à l'égard des défenderesses démontre surtout une certaine mauvaise foi de sa part, n'ayant pas pris soin de communiquer en même temps que la facture provisoire établie par le site marchand la facture définitive correspondante n° 20240336 du 24 octobre 2024 qu'elle a reçue à la suite.

Qu'en conséquence de ce qui précède, toute autre demande formulée par la demanderesse dans le cadre de cet incident, notamment en termes d'astreinte, ou encore de versement d'indemnités au titre de l'Article 700 du Code de Procédure Civile et de dépens, sera par ailleurs également rejetée.

## QUE PAR CES MOTIFS

LA SOCIETE RAINBOW K JEWELRY, AINSI QUE MESDAMES KELLY BENHAMOU-SOUEID ET KELIA TOLEDANO-BERDAH CONCLUENT QU'IL PLAISE A MADAME, MONSIEUR LE JUGE DE LA MISE EN ETAT DE :

- **Les recevoir** en leurs présentes écritures et les y déclarer recevables et bien fondées ;

- **Rejeter** toutes les demandes telles que formulées par la demanderesse dans ses conclusions d'incident du 23 juillet 2025 ;

EN TOUT ETAT DE CAUSE :

- **Donner acte** aux défenderesses que les informations complémentaires suivantes - *en conformité avec le Bulletin de Mise en Etat du 18 septembre 2025* - seront communiquées par leurs soins avec leurs conclusions au fond à venir pour le 16 septembre 2025, soit par :

    - (re)communication par les défenderesses des factures déjà communiquées en annexe de l'Attestation du 17 juillet 2025, après avoir désocculter le territoire de destination ;

    - (re)attestation par l'expert-comptable de RAINBOW, après y avoir inclut la totalité des facturations effectuées parc cette dernière à partir de la France, quel que soit le territoire de destination, en distinguant selon le territoire ;

    - (re)attestation par l'expert-comptable de RAINBOW, portant sur (i) le chiffre d'affaire annuel réalisé par cette dernière avec les produits incriminés, (ii) le mode de calcul des marges réalisées en donnant autant d'informations que possible sur la provenance pour crédibiliser l'explication sur le calcul de cette marge, et (iii) l'état détaillé des stocks restant.

- **Débouter** la demanderesse de ses demandes d'astreinte, d'indemnités au titre de l'Article 700 du Code de Procédure Civile, ainsi qu'au titre des dépens,

**SOUS TOUTES RESERVES
ET CE SERA JUSTICE**

## LISTE DES PIECES COMMUNIQUEES

| | |
|---|---|
| **Pièce incident 01** | Attestation du Cabinet FIDURYS en date du 17 juillet 2025. |
| **Pièce incident 02** | Message RPVA de communication à la demanderesse de la Pièce incident 01 en date du 18 juillet 2025. |
| **Pièce incident 03** | Message RPVA de la demanderesse en date du 02 septembre 2025. |
| **Pièce incident 04** | Message RPVA des défenderesses en date du 02 septembre 2025. |
| **Pièce incident 05** | Bulletin de mise en état du 18 septembre 2025. |
| **Pièce incident 06** | Message RPVA des défenderesses en date du 22 septembre 2025. |
| **Pièce incident 07** | Message RPVA de la demanderesse en date du 25 septembre 2025. |
| **Pièce incident 08** | Extraits du site web *https://feraljewelry.com*. |
| **Pièce incident 09** | Extraits du site web *https://feraljewelry.com*. |
| **Pièce incident 10** | Extraits du site web *https://www.madlords.com*. |
| **Pièce incident 11** | Extraits du site web *https://www.memojewelryparis.com*. |
| **Pièce incident 12** | Extrait Kbis de la société RAINBOW K JEWELRY. |
| **Pièce incident 13** | Extraits du site web *https://rainbowkjewelry.com*. |
| **Pièce incident 14** | Passeport de madame Kélia TOLEDANO-BERDAH. |
| **Pièce incident 15** | Facture EDF du 11 septembre 2025 de madame Kélia TOLEDANO-BERDAH. |

֍

October 08, 2025:

Pre-trial (incidental) Writs in defense filed by Rainbow K and al. requesting:

>Admit their present submissions and declare them admissible and well-founded;
>Dismiss all claims as formulated by the plaintiff in her incidental conclusions of July 23, 2025;
>IN ANY EVENT:
>Take note that the defendants will provide the following additional information—in accordance with the Status Report dated September 18, 2025—along with their substantive conclusions due on September 16, 2025, either by:
>
>- (re)communication by the defendants of the invoices already communicated in the appendix to the Certificate of July 17, 2025, after removing the destination territory;
>- (re)certification by RAINBOW's chartered accountant, after including all invoices issued by the latter from France, regardless of the destination territory, distinguishing between territories;
>- (re)certification by RAINBOW's chartered accountant, covering (i) the annual turnover generated by the latter with the products in question, (ii) the method of calculating the margins achieved, providing as much information as possible on the origin in order to lend credibility to the explanation of how this margin was calculated, and (iii) a detailed statement of remaining stocks.
>- Dismiss the plaintiff's claims for penalties, compensation under Article 700 of the Code of Civil Procedure, and costs.