**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**
Michael J. Saltz, Esq. SBN 189751
msaltz@jrsnd.com
Simone E. Poyourow, Esq. SBN 346420
spoyourow@jrsnd.com
1880 Century Park East, Suite 900
Los Angeles, CA 90067
Telephone: (310) 446-9900
Facsimile: (310) 446-9909

Attorneys for Plaintiff
Susan Oster d/b/a Feral Jewelry

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Susan Oster d/b/a Feral Jewelry, an individual, <br><br> Plaintiff, <br><br> v. <br><br> Rainbow K Jewelry SAS, a French joint-stock company; mytheresa.com GmbH, a German entity; Schoola, Inc. d/b/a Olivela.com, a Delaware corporation; SoPicks, an Italian entity; Eastward Bound Technology, Inc. d/b/a Vugstyle, Inc., a Colorado corporation; Last Resort, LLC, a California company; Maxfield Enterprises, Inc., a California corporation; Lissa Fine Jewelry, a New York entity; and DOES 3-50, inclusive; <br><br> Defendants. | Case No.: 2:25-cv-04929 <br><br> [Hon. Josephine L. Staton] <br><br> **EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO COMPLETE SERVICE UPON SCHOOLA, INC. D/B/A OLIVELA.COM; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF SIMONE E. POYOUROW IN SUPPORT THEREOF** |

**TO THE COURT OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND ALL PARTIES OF RECORD:**

Please take notice that Plaintiff Susan Oster d/b/a Feral Jewelry ("Plaintiff") hereby applies ex parte for an extension of time to serve Schoola, Inc. d/b/a OliveLA.com ("Schoola"), a named defendant in this case.

This ex parte application is made pursuant to Federal Rule of Civil Procedure Rule 4 on the grounds that good cause exists for an extension to serve Schoola with the Summons on First Amended Complaint and the First Amended Complaint. Plaintiff made good faith efforts to serve Schoola with the Summons on the First Amended Complaint and the First Amended Complaint, but recently received the mailed package by Return to Sender. Immediately thereafter, Plaintiff identified a registered agent for service of process in California and promptly requested and filed a revised Summons on the First Amended Complaint for the Clerk's signature. However, the Clerk has not yet issued the revised Summons on the First Amended Complaint. Accordingly, Plaintiff cannot effectuate service of process upon the agent for service of process in California without it. Plaintiff believes that the deadline to serve defendants with the First Amended Complaint and issued summons is on February 23, 2026.

Accordingly, Plaintiff brings this request before the deadline has arrived or passed, and respectfully requests that the Court grant a short extension of time for

Plaintiff to serve Defendant Schoola. Plaintiff has made no prior requests for extension and there is good cause to grant the relief requested herein.

The ex parte application is based on this Notice, the attached Memorandum of Points and Authorities, the Declaration of Simone Poyourow and exhibits in support thereof filed herewith, records, pleadings, and papers on file in this action; any reply papers that may be filed in connection herewith, and such other matters as may be considered.

Pursuant to Local Rule 7-3 and 7-19, Plaintiff's Counsel made a good faith effort to orally advise counsel for all appearing Defendants in this case, however Defendants Schoola, mytheresa.com GmbH, Eastward Bound Technology, Inc. d/b/a Vugstyle, and SoPicks have not appeared in this matter.

Dated: February 20, 2026

**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**

_____
Simone E. Poyourow, Esq.
Attorney for Plaintiff

File No.: 8171-004                                    3
EX PARTE APPLICATION FOR EXTENSION OF TIME TO COMPLETE SERVICE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Susan Oster d/b/a Feral Jewelry ("Plaintiff") respectfully seeks a brief 45-day extension of time to complete service on Schoola, Inc. d/b/a OliveLA.com ("Schoola"). Despite diligent efforts to effectuate service, circumstances beyond Plaintiff's control have prevented timely completion of service before the approaching deadline. Specifically, the Clerk of Court has not yet signed an updated summons that Plaintiff filed after discovering the address for Schoola's registered agent for service of process in California. Good cause exists for this first request for a short extension, and to allow Plaintiff to complete service upon Schoola's registered agent once the Clerk issues and signs the revised summons.

## II. RELEVANT FACTUAL BACKGROUND

On May 30, 2025, Plaintiff filed a Complaint with this Court. (Dkt.1). Declaration of Simone E. Poyourow ("PD")¶2. The Summons and Complaint in this case was served upon a representative for Schoola on June 23, 2025. (Dkt.34-35). *Id.* Schoola has not appeared in this case.

On November 25, 2025, Plaintiff filed a First Amended Complaint with this Court. (Dkt.54). PD¶2. On December 2, 2025, the Clerk issued signed summons on the First Amended Complaint as to Defendant Schoola. (Dkt.59). *Id.* Shortly thereafter,

JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP
1880 Century Park East, Suite 900
Los Angeles, California 90067
Tel. 310.446.9900 • Fax 310.446.9909

Plaintiff's Counsel made reasonable and diligent efforts to serve Schoola with the First Amended Complaint and the Summons on the First Amended Complaint. (Dkt.81). *Id.*

On February 17, 2026, Plaintiff's Counsel received the package mailed to Schoola by Return to Sender. PD¶3. Plaintiff's Counsel immediately searched for another address to effectuate service upon Schoola, and discovered Schoola's registered agent for service of process in California. *Id.* That same day, Plaintiff's Counsel filed and requested a revised Summons on the First Amended Complaint for the Clerk to sign. (Dkt.96). *Id.* However, Plaintiff's Counsel have not received the signed Summons back yet. *Id.* Meanwhile, Plaintiff's Counsel is informed and believes that the deadline to serve Schoola with the First Amended Complaint and issued summons is on February 23, 2026. *Id.*

Accordingly, Plaintiff brings this request before the deadline has arrived or passed, and respectfully requests that the Court grant a short 45-day extension of time for Plaintiff to serve Defendant Schoola once the revised Summons on the First Amended Complaint has been signed by the Clerk with a reasonable amount of time thereafter to effectuate service. Plaintiff has made no prior requests for an extension.

Therefore, there is good cause to grant the relief requested herein.

### III. ARGUMENT

Under Federal Rule of Civil Procedure 4(m), if a defendant is not served within 90 days after the complaint is filed, the court must dismiss the action without prejudice

against that defendant or order that service be made within a specified time. *Fed. R. Civ. Proc.* 4(m). However, if the plaintiff shows good cause for the failure to serve within the 90-day period, the court must extend the time for service for an appropriate period. *Id.* Under California law, courts may extend the time for service upon a showing of good cause, particularly where delays are caused by circumstances beyond the plaintiff's control. *Cal. R. Ct.* Rule 3.110.

Even in the absence of good cause, the court has discretion to extend the time for service rather than dismiss the action. Federal Rule of Civil Procedure 6(b) provides that when an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. *Fed. R. Civ. Proc.* 6.

Plaintiff has demonstrated good cause for an extension of time to complete service on Schoola. Plaintiff acted diligently by obtaining an initial signed summons and attempting service. When the mail service of the First Amended Complaint was unsuccessful, Plaintiff promptly investigated for another address to serve Schoola.

Upon discovering that Schoola has a registered agent for service of process in California, Plaintiff immediately filed an updated summons with the Clerk of Court. Without the signed revised Summons, Plaintiff cannot effectuate service upon Schoola's agent for service of process in California. Plaintiff has taken all reasonable steps within

its power to effectuate service and stands ready to complete service immediately upon receipt of the signed summons from the Clerk.

The extension requested is reasonable and limited to the time necessary to obtain the signed summons and complete service on the registered agent. The Court may exercise its discretion to grant an extension where, as here, Plaintiff has made diligent efforts to serve Defendant Schoola and the delay may be in part attributable to administrative processing by the court system. Granting an extension is unlikely to prejudice Schoola or any other defendant. Conversely, denying the extension would prejudice Plaintiff by dismissing claims based on an administrative delay beyond Plaintiff's control.

Thus, Plaintiff has demonstrated good cause for an extension of time. Plaintiff has acted diligently throughout this matter and stands ready to complete service immediately upon receipt of the signed summons. The requested extension is reasonable, limited in scope, and will not prejudice the defendant.

## IV. CONCLUSION

Accordingly, Plaintiff respectfully requests that the Court grant a short extension of time for Plaintiff to serve Defendant Schoola.

Dated: February 20, 2026

**JACOBSON, RUSSELL, SALTZ, NASSIM & DE LA TORRE, LLP**

_____
Simone E. Poyourow, Esq.
Attorney for Plaintiff

# DECLARATION OF SIMONE E. POYOUROW

I, Simone E. Poyourow, declare as follows:

1. I am counsel of record for the named Plaintiff to the above-captioned matter. I am over the age of eighteen and if called upon to do so, I could and would competently testify as to the contents of this declaration based upon my personal, first-hand knowledge.

2. On May 30, 2025, Plaintiff filed a Complaint with this Court. (Dkt.1). Schoola, Inc. d/b/a Olivela.com ("OliveLA") was personally served with the Summons and Complaint in this case on June 23, 2025. (Dkt.34-35). OliveLA has not appeared in this case.

3. On November 25, 2025, Plaintiff filed a First Amended Complaint with this Court. (Dkt.54). On December 2, 2025, the Clerk issued signed summons on the First Amended Complaint as to Defendant Schoola. (Dkt.59). Shortly thereafter, our office made reasonable and diligent efforts to serve Schoola with the First Amended Complaint and the Summons on the First Amended Complaint. (Dkt.81).

4. On February 17, 2026, my office received the package mailed to Schoola by Return to Sender. My office immediately searched for another address to effectuate service upon Schoola, and discovered Schoola's registered agent for service of process in California. That same day, my office filed and requested a revised Summons on the First Amended Complaint for the Clerk to sign. (Dkt.96). However, my office has not

received the signed Summons back yet. Meanwhile, I am informed and believe that the deadline to serve Schoola with the First Amended Complaint and issued summons is on February 23, 2026.

5. Pursuant to Local Rule 7-3 and 7-19, I made a good faith effort to orally advise counsel for all appearing Defendants in this case, however Defendants Schoola, mytheresa.com GmbH, Eastward Bound Technology, Inc. d/b/a Vugstyle, and SoPicks have not appeared in this matter.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 20, 2026 at Los Angeles, California.

*Simone E. Poyourow*

File No.: 8171-004                    9
EX PARTE APPLICATION FOR EXTENSION OF TIME TO COMPLETE SERVICE